## No. 15,643.

GARDEN HOME SANITATION DISTRICT *v.* CITY AND COUNTY
OF DENVER.
(177 P. [2d] 546)

Decided February 3, 1947.

1

Mr. WILLIAM HEDGES ROBINSON, Mr. MARK H. HARRINGTON, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. GLENN G. SAUNDERS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT instituted April 17, 1945, by plaintiff in error, as plaintiff, to enjoin defendant in error, as defendant, from creating a special improvement district for the construction of a sanitary sewer system within and for lands annexed to Denver December 29, 1943, which, as alleged, defendant had initiated as of March 16, 1945. Proceeding as on motion to dismiss for lack of sufficiency of allegations in the complaint, the trial court resolved adversely to plaintiff and adjudged dismissal of the cause.

Defendant is a municipal corporation, existing pursuant to Article XX, Colorado Constitution, and, as of February 3, 1945, plaintiff was, and hitherto has been, "a body corporate with all the powers of a public or quasi-public municipal corporation * * *, and it was established, among other things, for the purpose of pro-

viding for sewage disposal within the confines of its boundaries." The lands involved, until annexed to Denver, with other lands, were within plaintiff's boundaries.

■ ■ Unquestionably, as we think, plaintiff was competently organized, and its purpose was well within the province of statutory enactment. '35 C.S.A., '45 Supp., c. 173A; *Aurora v. Aurora Sanitation District*, 112 Colo. 406, 149 P. (2d) 662. But, by the time defendant took steps to provide sanitary sewer service to the residents of that portion of plaintiff's original territory which had become annexed to Denver, plaintiff, as sufficiently appears from its complaint, had made no progress in the accomplishment of its plan to establish sanitary sewer service for the inhabitants of the area comprehended in its incorporation articles, and particularly for the part thereof which had become annexed to Denver. Moreover, as further appears from the complaint, the success of plaintiff's effort was dependent on a "Federal Works Agency * * * grant of at least fifty per cent of the cost of the project," which it had been unable to obtain. On the other hand, when it is recalled that the territory for the residents of which Denver was preparing to afford sanitary sewer service had been annexed for more than a year, and to whom, plaintiff, granting its good faith, not questioned, had not been able to supply such service, Denver properly was concerned. In that light, as we think, its efforts in behalf of the inhabitants of the added territory should not be regarded as illegal in any sense, or even as an affront to plaintiff, but rather as action reasonably required at the hands of defendant in behalf of people living within the confines of the municipality. "When territory has been lawfully annexed, the new area becomes, ipso facto, a part of the municipality for all urban purposes, and such new area becomes at once subject to municipal jurisdiction and may be governed under the powers of the municipal corporation, in like manner as the original limits were governed prior to change, * * *." McQuillin Mun. Corp.

4

(2d ed.), Rev. vol. 1, P. 857, §310. That defendant had authority, generally, to proceed with the undertaking involved in the interest of the inhabitants of the annexed area, is apparent from the provisions of sections 56, 57 and 58, Denver Charter (1927 Compilation), and is not questioned. On the other hand, and whatever the authority and power of plaintiff had it been able to proceed with reasonable celerity, clearly not so, its allegations generously appraised, we cannot think that it may stand athwart the authority of Denver, the latter proceeding on its general authority, to construct a sanitary sewer in the territory in question. Chapter 173A, supra, constitutes the sole authority of plaintiff, but, the situation here considered, it does not enjoy a monopoly in the premises. Section 31 of the act reads as follows: "No part of this chapter shall repeal or affect any other law or any part thereof, it being intended that this chapter shall provide a separate method of accomplishing its objects, and not an exclusive one." An equitable order, as we are persuaded, may not be employed to prevent defendant, proceeding to that end pursuant to legal rules as here, from going forward with the stated objective.

Let the judgment be affirmed.