326 P.2d 372 (1958)
The PEOPLE ex rel. CITY AND COUNTY OF DENVER, a municipal corporation, Paul A. Hentzell, William E. Flor, Roland L. Mapelli, George A. Cavender, Joe Ciancio, Jr., Elvin R. Caldwell, Alex B. Holland, C. Paul Harrington, and Edward J. Mapel, members of the Council of the City and County of Denver, Petitioners,
v.
COUNTY COURT OF ARAPAHOE COUNTY, Colorado; The Hon. Ernest E. Anderson, Judge Thereof; Board of County Commissioners of the County of Arapahoe, State of Colorado; and Arthur A. Fisher, Respondents.
No. 18113.
Supreme Court of Colorado, En Banc.
June 2, 1958.
Rehearing Denied June 23, 1958.
John C. Banks, City Atty., James H. Snyder, Asst. City Atty., Denver, for petitioners.
Richard H. Simon, Richard N. Graham, Englewood, J. Sherman Brown, Littleton, for respondents.
SUTTON, Justice.
The parties herein will be referred to by name or as petitioners and respondents as may be appropriate for clarity.
*373 Respondent County Commissioners of the County of Arapahoe brought a civil action in the County Court of Arapahoe County seeking to have declared null and void an ordinance of the City and County of Denver (Number 162, Series of 1956) which ordinance allegedly approved and accomplished the annexation of contiguous, unincorporated territory then in Arapahoe County, Colorado.
Respondents urged that the annexation was null and void because:
1. The territory was ineligible for annexation;
2. The ordinance was allegedly passed without presentation to the City Council of a valid written petition;
3. The petition was not signed by any landowners;
4. The petition was accepted by the City Council before thirty days after the first publication of notice of petition;
5. No vote of the qualified voters of the county from which the territory was proposed to be stricken off was held; and
6. Article XX, Sec. 1 of the Colorado Constitution, which permits annexation of the territory of another county without submitting the question to the qualified voters of the county from which the territory was proposed to be stricken off, is repugnant to Article XIV, Sec. 1 of the United States Constitution in that it denies equal protection of the laws to the citizens of Arapahoe County both within and without the territory sought to be annexed.
After service of the complaint petitioner, the City and County of Denver, filed its motion to dismiss the action and to quash service of summons and the return thereof alleging inter alia:
1. That the county lacks jurisdiction over the subject matter because the property is already annexed to the City and County of Denver and only its County Court has jurisdiction as provided in C.R.S. '53, 139-11-6;
2. That service cannot be made on the City and County of Denver because it is domiciled in its own area and the action affects property solely therein;
3. That the Board of County Commissioners lacks sufficient title or interest in the subject matter to bring the action and has no legal capacity to bring the action; and
4. That a presumption exists that adopting ordinances are valid and regular and continues until such a time as the annexation proceedings have been proven illegal, and even if improper procedures were followed at least there was a de facto annexation, either or both of which contentions would result in shifting jurisdiction to petitioners' own county court.
We note that respondents' complaint consists of two causes of action, one involving the County Commissioners and the other the County Commissioners and a private landowner, one Arthur A. Fisher. The pleadings here follow the same pattern, the separate actions set forth making no difference in the matter to be determined.
The County Court denied the petitioners' motion and they seek relief in this original proceeding under R.C.P. Rule 106(4), alleging that the trial court is exceeding its jurisdiction, that this is a matter involving great public importance with no final judgment in the cause and no plain, speedy and adequate remedy at law.
We ordered a Rule to Show Cause to issue and the matter is now before this court upon written briefs of the parties.
It appears that since the annexation complained of that the City and County of Denver has proceeded to furnish and is now furnishing many municipal services to the area and that the property now appears on the tax rolls of that petitioner; and that the Board of County Commissioners of Arapahoe County claim an interest in the areas in dispute by virtue of the County's ownership of streets and highways therein.
All parties agree that annexation is a special statutory proceeding and that Article XX of the Colorado Constitution requires *374 compliance with such procedures by the City and County of Denver.
As we view the issues presented we believe the sole question now to be determined is whether the County Court of Arapahoe County is the proper forum to hear the action filed therein.
Various authorities cited by petitioners in support of their position are not in point. If the land has been "lawfully annexed" as was the case in Garden Home Sanitation Dist. v. Denver, 116 Colo. 1, 177 P.2d 546, and in Donahue v. Morgan, 24 Colo. 389, 50 P. 1038, it would ipso facto become a part of the city for all authorized purposes. Here, however, the question to be determined is whether the land was "lawfully annexed". It is the wording of our statute and the legislative intent that governs. The recognized presumption of the validity of ordinances urged by petitioners does not apply to the facts in this case which involves jurisdiction. That rule is only a defense which shifts the burden of proof to the challenger in the pleadings and trial.
C.R.S. '53, 139-11-6 provides in pertinent part:
"Any person aggrieved by any annexation proceedings had under this article, may apply at any time within ninety days after the effective date of the approving ordinance to the county court of the county in which his land is situated for a hearing and appropriate relief."
Prior to 1945 when an incorporated city desired to annex abutting territory of four acres or less it had to present its petition "to the county court of the county in which such city is situate". Revised Statutes of 1908, Sec. 6709. Parcels of more than forty acres wholly or partially subdivided could be annexed under appropriate requirements if the majority of the owners therein petitioned "* * * the county court of the county wherein such tract of land may be situated for the annexation of such tract of land to such town or city * * *". Revised Statutes of 1908, Sec. 6712. If the required number of taxpaying electors within a town desired dissolution of the town or city and to be annexed to an adjoining city they could file their petition "* * * in the office of the clerk of the county court of the county in which the town or city existing under general laws may be situated." Revised Statutes of 1908, Sec. 6720. (Emphasis supplied.) A further showing of legislative intent to allow inhabitants of an area to be heard in their own county court appears in the Revised Statutes of 1908 in Sec. 6726, wherein is provided inter alia:
"It shall be the duty of the clerk and recorder of such town * * * forthwith to prepare a report * * * and to file the same in the office of the clerk of the county court aforesaid.
"The court shall examine the report and hear any objections and evidence that may be offered concerning the regularity or irregularity * * * No appeals shall be from judgments of the county court in such proceedings; but writs of error to such judgments shall be as in other civil cases."
In 1945 our legislature passed an act relating to annexation which provided in part that the procedure referred to in '35 C.S.A., Ch. 163, Sec. 293(3) shall be that a petition shall be filed by such municipality with "* * * the county court of the county in which the whole or larger area of such territory proposed for annexation is located setting forth the ordinance approving such annexation * * *." '35 C.S.A. Ch. 163, Sec. 293(4). (Emphasis supplied.)
The above section 293(4) preceded Sec. 293(6) (now C.R.S. '53, 139-11-6) supra which permits aggrieved persons to apply to "the county court of the county in which his land is situated for a hearing and appropriate relief."
In 1947 the legislature amended what is now C.R.S. '53, 139-11-3 to provide that annexation proceedings of eligible territory "* * * shall be initiated by written petition presented to the legislative *375 body of the city, city and county or incorporated town to which it is proposed to annex such territory * * *." (Emphasis supplied.)
We do not believe that this amendment was intended to change the court to which a protesting landowner must appeal. In fact the legislature must have intended that as to aggrieved persons, until they either petitioned the county court wherein their land was at the time of annexation or until the time to do so had expired, they would for all purposes relating to challenging the proceedings be considered to still be in the county where they had theretofore owned land. If it had not considered this to be fair it could have provided otherwise when it amended the statutes relating to annexation.
A similar situation arose in In re Scottdale Annexation, 1926, 91 Pa.Super. 1. The question there was whether the court of Quarter Sessions of Fayette County had jurisdiction in an annexation proceeding or whether the Court of Westmoreland County had jurisdiction. The pertinent statutes provided that any borough "upon petition of the majority of the freeholders of a territory proposed to be annexed" may, by ordinance, annex such territory, and where lands are annexed to a borough of an adjoining county, such lands "shall thereupon be held to be in the county in which said borough was incorporated for all purposes (except taxation) upon the filing of a certified copy of the ordinance in both counties."
The remedy under the statutes was for a person claiming to be "aggrieved" to file a complaint in the court of Quarter Sessions, without identifying in which county the court should be located.
Scottdale contended that it could not be be sued, except in the county in which it is located, and that the annexed land immediately became part of Scottdale; however, the court held that the statutory procedure expressly conferred jurisdiction upon the courts of Quarter Sessions for each of the counties concerned, and since a certified copy of the ordinance must be filed in each county it indicated the legislative intent to confer jurisdiction upon each of the counties, and held that the court below had jurisdiction to proceed to determine the validity of the annexation ordinance.
In view of the history of the annexation statutes of this state, and the fact that in 1947 the legislature provided for the filing of the annexation petition with the legislative body of the annexing city instead of, as previously, with the clerk of the county court in which said lands proposed to be annexed are located, and at the same time the legislature amended what is now C.R.S. '53, 137-11-6, by providing a 90-day time limit where no limit had previously existed, for such "aggrieved" person to ask for a review of the proceedings, and also at the same time the legislature changed the wording from permitting an aggrieved person to a review of "the decision or any final order of the county court" Laws 1945, c. 243, § 6, to provide in 1947 that such aggrieved person shall apply to "the county court in which his land is situated", all clearly indicate that this case must be tried in the County Court of Arapahoe County.
The writ is discharged and the County Court of Arapahoe County is directed to proceed to the trial of this matter upon its merits.
MOORE and HALL, JJ., not participating.