512 P.2d 644 (1973)
VALLEY WATER DISTRICT, Plaintiff-Appellant,
v.
CITY OF LITTLETON, Defendant-Appellee.
No. 72-144.
Colorado Court of Appeals, Div. II.
May 22, 1973.
Rehearing Denied June 19, 1973.
*645 Holland & Hart, Robert E. Benson, Joseph N. De Raismes, Denver, for plaintiff-appellant.
Alan L. Sternberg, Littleton, for defendant-appellee.
Selected for Official Publication.
DWYER, Judge.
Plaintiff-appellant, Valley Water District (Valley), a quasi-municipal corporation, is a water district organized under C.R.S.1963, 89-5-1 et seq. Valley supplies domestic water to the residents within the district and also owns, maintains, and supplies water to a system of fire hydrants within the district. On or about May 21, 1963, the City of Littleton (Littleton) annexed a portion of the district known as Centennial Acres. Since the annexation, Valley has continued to provide water and fire hydrant service in Centennial Acres. Valley purchases its water from the City of Englewood and pays the sum of $30 per hydrant per year for the hydrants in Centennial Acres. Littleton provides fire protection services to Centennial Acres and uses water from Valley's fire hydrants and supporting water lines.
Subsequent to the annexation, a dispute arose between Littleton and Valley as to which of the two had the obligation to pay for the water provided to the fire hydrants. Valley contended that it was Littleton's obligation and annually billed Littleton for the amount owed by Valley to Englewood for the hydrant water. Littleton denied it was so obligated and refused to pay the bills. (In 1968, as a result of what Littleton claims was an error, Littleton paid the annual charge of $480 directly to the City of Englewood.)
On January 31, 1971, Valley commenced this action against Littleton seeking a money judgment for the value of the water supplied after the annexation and a declaratory judgment concerning the respective rights, duties, and obligations of the parties. The case was submitted on an agreed statement of facts. The court concluded that under the agreed facts, Littieton had no obligation to pay Valley for the water supplied, and entered judgment dismissing the action. We affirm.
The underlying question is whether Littleton, because of the annexation, has the legal obligation to maintain fire hydrants and supply water for the hydrants to the annexed area. No such obligation is imposed by the statutes which authorized the annexation. Nor do these statutes provide for any judgment of the rights, duties, and obligations of a special purpose district and a city where the city has annexed a part of the territory of the district. The annexation does not deprive the district of its assets in the annexed territory, and it does not prevent the district from continuing its service in the annexed territory. See Brownbriar Enterprises, Inc. v. Denver, Colo., 493 P.2d 352; Denver v. Denver Union Water Co., 41 Colo. 77, 91 P. 918.
The city has the general power to provide fire protection for its inhabitants and to maintain a system of fire hydrants, but the existence of this power does not impose upon the city the obligation to provide a system of fire hydrants in annexed territory where the hydrant and water service is already provided by an existing system maintained by a quasi-municipal corporation. Durnford v. Thornton, 29 Colo.App. 349, 483 P.2d 977. Accordingly, Littleton has no obligation to provide fire hydrant and water service in the annexed territory served by Valley.
Valley's claim against Littleton is premised on the theory that Littleton has the obligation to supply hydrant and water service in the annexed area. On this basis, Valley argues that since it provided a service which was Littleton's obligation, it is entitled to recover the value of the services on a quasi-contract theory. The argument *646 fails because, as we have said, the annexation did not shift to Littleton the duty to provide hydrant and water service in the annexed area. In continuing the service, Valley was discharging its own obligation and not one imposed by law upon Littleton.
Valley contends that the trial court should have entered a declaratory judgment concerning its obligation to continue to supply water to the hydrants in the annexed area. Since the residents of the annexed area were not parties to this action, the question of the duties and obligations of Valley to its water users was not properly before the court for determination.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.