No. 26489

Green Valley Ranch Venture Co., a joint venture; Union Pacific Land Resources Corporation, a Utah corporation; The Builders Group, Ltd., a Colorado corporation; The City and County of Denver, State of Colorado, a municipal corporation; The City Council of the City and County of Denver, State of Colorado; and The Board of County Commissioners of the City and County of Denver, State of Colorado v. The District Court in and for the County of Adams, Seventeenth Judicial District, State of Colorado, and The Honorable Oyer G. Leary, one of the judges thereof

(526 P.2d 141)

Decided September 9, 1974.

Meer, Wolf & Slatkin, Albert B. Wolf, and Holme, Roberts & Owen, John L. Kane, Jr., for petitioners Green Valley Ranch Venture Co. and The Builders Group, Ltd.

Max P. Zall, City Attorney, David J. Hahn, Assistant, for petitioners The City and County of Denver, The City Council of the City and County of Denver and the Board of County Commissioners of the City and County of Denver.

Gorsuch, Kirgis, Campbell, Walker & Grover, John J. Mullins, Jr., for petitioner Union Pacific Land Resources Corporation.

S. Morris Lubow, County Attorney, Adams County, Larry W. Berkowitz, Assistant, for respondents.

Patrick R. Mahan, County Attorney, Jefferson County, Richard J. Scheurer, Assistant, George J. Robinson, Special

Counsel, Ronald S. Loser, County Attorney for Arapahoe County, amicus curiae.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding seeking relief in the nature of prohibition was filed pursuant to *Colo. Const.* Art. VI, Sec. 3, and C.A.R. 21. The petitioners allege that the District Court of the Seventeenth Judicial District lacks jurisdiction to proceed under the Municipal Annexation Act of 1965 (1965 Perm. Supp., C.R.S. 1963, 139-21-15(1)(a)) [hereinafter referred to as the "Annexation Act," and cited by section number].

In accordance with the Annexation Act, the City and County of Denver annexed two parcels of land located in Adams County which petitioners Green Valley Ranch Venture Co., Union Pacific Land Resources Corporation, and The Builders Group, Ltd. owned. Within forty-five days after the effective date of the annexing ordinance, the Board of County Commissioners of Adams County sought review of the Denver City Council's actions by filing a complaint in Adams County District Court. § 15(2). Thereafter, petitioners instituted this original proceeding challenging the district court's jurisdiction in Adams County on the basis that suit should have been filed in the Denver District Court. We issued a rule to show cause and now discharge the rule and remand to the Adams County District Court with directions.

██ Section 15(1)(a) is not an example of clarity in legislative enactment. It provides that proceedings to review an act of annexation "shall be instituted in any district court having jurisdiction of the county in which the annexed territory is located." The statute is replete with ambiguities and is difficult to understand. The section of the Annexation Act which is in issue is subject to conflicting interpretations. First, jurisdiciton could lie in the county in which the land was located prior to annexation. Although decisions of this

court concerning different annexation statutes support such an interpretation, the language of our new Annexation Act does not. *See People ex rel. City and County of Denver v. County Court,* 137 Colo. 436, 326 P.2d 372 (1958). As a second alternative, the district court of the county which annexed the real property could have jurisdiction. A third and preferred interpretation is suggested by an examination of former decisions of this court, antecedent statutes and the internal structure of the Annexation Act. Review proceedings may be brought in either the district court of the county in which the land was situated prior to annexation or in the district court of the county in which the land is located after annexation. This is the only reasonable interpretation which gives independent effect to both subdivisions of § 15(1)(a) and carries out the intent of the legislature manifested in all articles of the Annexation Act.

A legal premise for our conclusion lies in the case law of Colorado. In *People ex rel. City and County of Denver v. County Court, supra,* we construed a predecessor annexation statute (C.R.S. 1953, 139-11-6), which referred jurisdiction for review to "the county court of the county in which his [petitioner's] land is situated." We interpreted that language to be consistent with C.S.A. 1935, ch. 163, § 293(4), which provided that a review petition shall be filed with "the county court of the county in which the whole or larger area of such territory proposed for annexation is located." *People ex rel. City and County of Denver v. County Court, supra.* The county in which the land was situated when the annexation proceeding was commenced was granted jurisdiction to review the annexation issue by the statute.

The analysis in *People ex rel. City and County of Denver v. County Court, supra,* was based on the principle that "[i]t is the wording of our statute and the legislative intent that govern." That rule forces us to conclude that our present Annexation Act changes the prior law concerning jurisdiction. The problem arises because of the language "annexed territory" used in § § 15(1)(a) and (b). "Annexed territory" should be contrasted with the earlier language,

"territory proposed," which suggested an examination of the location of property prior to annexation. The word "annexed," on the other hand, reflects a different time frame or reference. As provided in § 12(1) of the Annexation Act, property is deemed annexed when the annexation ordinance becomes effective; that is, after completion of the annexation proceeding. Therefore, annexed territory, and hence jurisdiction, arguably lies in the annexing county.

This reading of § 15(1)(a) is supported by § 16(1) of the Annexation Act which indicates that "[a]fter the effective date of an annexation ordinance, the annexing municipality shall apply all pertinent ordinances to the annexed area, irrespective of any proceedings for judicial review." Thus, the property is to be treated as part of the annexing city.

Section 15 must be construed as a whole, and thus, § 15(1)(a) must be read in conjunction with § 15(1)(b), which provides: "If the annexed territory is located within two or more counties, review proceedings may be brought in any district court having jurisdiction of any one of such counties . . . ." The section suggests that once property has been annexed by a county and review proceedings are instituted by another county, the location of the property is in dispute. Thus, it can properly be considered, for purposes of § 15(1)(b), as being located in two counties. Consequently, "any district court having jurisdiction of the county in which the annexed territory is located," (§ 15(1)(a)) would be either the county which lost or the county which added the land. The second sentence of § 15(1)(b) supports this view:

"In all such certiorari proceedings . . . the district court shall be presided over by a judge to be appointed by the chief justice of the supreme court of the state of Colorado, which judge shall not be from the judicial district in which the area proposed to be annexed is located nor from a judicial district contiguous thereto."

This statement reflects a legislative concern for the unfairness and inequity of placing a judge in the untenable position where he must rule against the county where he resides.

*Johnston v. City Council,* 177 Colo. 223, 493 P.2d 651 (1972), is not inconsistent with this interpretation. There, we held that an outside judge need not be appointed when the property was located in the same county as the annexing municipality, Greenwood Village.

The rule is discharged. The Adams County District Court is directed to request that the Chief Justice appoint a district judge, pursuant to § 15(1)(b), to resolve the issues in this certiorari proceeding.

MR. JUSTICE LEE and MR. JUSTICE GROVES concur in the result.

MR. JUSTICE GROVES concurring in the result:

I could not agree more with the statement in the majority opinion, "[t]he statute is replete with ambiguity and is difficult to understand." The author of the majority opinion and my brother Hodges joined in my special concurrence in *Pomponio v. Westminster,* 178 Colo. 80, 496 P.2d 999 (1972). There, after reciting the cases in which the Municipal Annexation Act has been before this court, I said:

"With each of these cases I have become increasingly conscious of the ambiguities, contradictions and vagueness of several of the provisions of this Act. The possible unconstitutionality of the Act for these reasons has not been argued in the present case and therefore we should not attempt to rule thereon. I wish to state, however, that my concern in this particular will cause me to lend an attentive ear in the event that it is argued someday that we should prospectively declare this Act unconstitutional for those reasons."

Since *Pomponio* the matter of constitutionality of the Act has not been before us and, particularly, it has not been raised here.

While I concur in the result, which recognizes the jurisdiction in the District Court of Adams County, I do not agree with the majority view that the District Court of the City and County of Denver also has jurisdiction. In other words, I think the statute is to be interpreted as granting review of annexation proceedings to the district court of the

county or counties in which the land was located prior to annexation, and not to the district court of the county in which the land is situate after annexation. 1965 Perm. Supp., 1963, 139-21-15(1)(a) and (b) provide in part:

"(a) ... Such review proceedings shall be instituted in any district court having jurisdiction of the county in which the annexed territory is located. In no event shall such a proceeding be instituted prior to the effective date of annexing ordinance by the annexing municipality.

"(b) If the annexed territory is located within two or more counties, review proceedings may be brought in any district court having jurisdiction of any one of such counties."

As I read Section (b) it provides that, when a municipality in one county annexes land situate in two other counties, jurisdiction to review the proceedings is vested in either one of such two other counties. It is inconceivable to me that the General Assembly would so provide, and then provide in Section (a) that the county of the annexing municipality would have jurisdiction where the land lies only in one other county. My conclusion is that Section (a) did not change the law and that the county in which the land was situate prior to the annexation is the county of jurisdiction. To me, in referring to "annexed territory," the legislature intended to refer to the property being annexed.

MR. JUSTICE LEE has authorized me to say that he joins in this opinion.