MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This is an original proceeding in mandamus. The district attorney for the First Judicial District contends that the judge of the district court exceeded his jurisdiction when he suspended an indeterminate sentence which was not to exceed ten years in the Colorado State Penitentiary and placed the defendant on probation. Colo. Sess. Laws 1972, ch. 44, 39-11-201(2). We issued a rule to show cause and now make the rule absolute.
The defendant, George Michael Moya, was charged in an information with the crimes of rape (1971 Perm. Supp., C.R.S. 1963, 40-3-401), deviate sexual intercourse (1971 Perm. Supp., C.R.S. 1963, 40-3-403), and sexual assault on a child (1971 Perm. Supp., C.R.S. 1963, 40-3-408). He plead guilty to sexual assault on a child and applied for probation. The trial judge ordered a pre-sentence investigation. The pre-sentence report revealed that the defendant had previously been convicted of conspiracy to commit larceny (C.R.S. 1953, 40-7-36) and voluntary manslaughter (1971 Perm. Supp., C.R.S. 1963, 40-3-104). Notwithstanding the two felony convictions, the judge sentenced Moya to an indeterminate term not to exceed ten years in the state penitentiary, suspended the sentence, and placed him under the supervision of the probation office.
The issue before us is whether the trial judge had the power and the jurisdiction to impose that sentence.
The legislature, in specifying the sentences which may be imposed for the commission of crimes, placed this limitation on the trial court:
*352 “A person who has been twice convicted of a felony in this or another state prior to the conviction on which his application [for probation] is based, shall not be eligible for probation.” Colo. Sess. Laws 1972, ch. 44, 39-11-201(2).
In our view, the legislative mandate is intended to prohibit a trial judge from circumventing the clear wording of the statute by utilizing a suspended sentence as a means for granting probation. We believe that the statutory command requires incarceration when any defendant, before the court for imposition of sentence, has been previously convicted of two felonies. Our interpretation of the statute gives all sections and articles of the statute meaning and avoids inconsistency. See Green Valley Ranch Venture Co. v. District Court, 186 Colo. 173, 526 P.2d 141.
We make the rule to show cause absolute and remand for the imposition of sentence.