## No. 27858

**The People of the State of Colorado ex rel. Stuart A. VanMeveren, District Attorney, Eighth Judicial District of Colorado v. The District Court in and for the County of Larimer, State of Colorado and the Honorable John A. Price, one of the Judges thereof**

(572 P.2d 483)

Decided February 21, 1978. Opinion modified and as modified rehearing denied February 21, 1978.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Terence A. Gilmore, Deputy, for petitioner.

The Honorable John A. Price, pro se.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A petition for a writ of mandamus was the only document before us when we issued a rule to show cause. Additional facts, correcting the record in this case, were brought to our attention by a petition for rehearing.

We now discharge the rule.

Plea negotiations resulted in the defendant pleading guilty to second-degree burglary of a dwelling — a class three felony. The defendant waived a probation hearing because of two prior felony convictions, and the district court imposed a deferred sentence of two years. The district attorney, as his part of the plea bargain, then dismissed three felony charges which were pending against the defendant. Thereafter, the defendant was charged with two additional crimes, which caused the district attorney to file a motion to revoke the deferred sentence.

Before the motion could be acted upon, the defendant fled to California, was convicted there on an additional felony charge, and was sentenced to a term of from one to five years' imprisonment. The motion to revoke the deferred sentence was thereafter amended to reflect the additional felony conviction in California. After a hearing on the motion, the district court sentenced the defendant to the Larimer County Community Correctional Facility for a period of three years. *See* section 27-27-101, *et seq.*, C.R.S. 1973 (1976 Supp.).

The only issue before us is whether the district court exceeded its jurisdiction by sentencing the defendant to a community correctional program when the defendant had two prior felony convictions. Two prior felony convictions do not foreclose a court from sentencing a defendant to a community correctional program, and the sentence was, therefore, within the court's discretion. *See People v. District Court,* 195 Colo. 34, 575 P.2d 4. The initial deferred sentence which the court imposed was contrary to our pronouncement in *Herrmann v. District Court,* 186 Colo. 350, 527 P.2d 1168 (1974). However, the original sentence is no longer material, because of the court's subsequent sentence to the community correctional facility.

Accordingly, we discharge the rule to show cause.