MR. JUSTICE LEE
delivered the opinion of the Court.
This is an original proceeding. We issued a rule to show cause why the respondent district court had not exceeded its authority. We now make the rule absolute.
The respondent district court initially sentenced James Cacho Todd to concurrent prison terms of riot less than ten years nor more than fifteen years on a conviction for attempt to commit first-degree murder (a class 2 felony) and not less than five years nor more than fifteen years on a conviction for assault in the first degree (a class 3 felony).
After considering a motion to modify the sentence, the district court ordered that Todd, who had already served approximately seven months of his sentence, serve the balance of the first year of the sentence in the state penitentiary. The court then suspended nine years of the ten-year minimum sentence and placed Todd on a ten-year probation, commencing at the conclusion of the one-year confinement, with a provision that he make restitution to the victims of his assaults at the rate of $275 per month.
the district attorney brought this proceeding, contending that the respondent court exceeded its statutory authority in suspending nine years of the ten-year sentence and placing the defendant on probation. We agree.
This case is controlled by the rationale expressed in People v. Ledford, 173 Colo. 194, 477 P.2d 374 (1970).[1] There, the defendant stood convicted of driving under the influence of intoxicating liquor. The county court granted probation but, as one of the conditions of probation, ordered the defendant to serve ninety days in the county jail. The district court remanded the case for resentencing, ruling that the county court lacked statutory authority to incarcerate as one of the conditions of probation. We affirmed the district court, holding:
*483 “When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is a specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its discretionary power is the authority to impose jail confinement as a condition.
“Probation is purely a statutory creation, and, as such, the terms of probation must be derived from the applicable statute . . . .[2]
We also noted that, while the policy of granting probation with a period of penal confinement as a condition may be beneficial in some instances, it was for the legislature to declare such a policy and not the court. Compare People v. Hinchman, 196 Colo. 526, 589 P.2d 917 (1978).
Subsequent to the decision in People v. Ledford, supra, the General Assembly repealed and reenacted the statute granting probationary powers to the courts. The reenactment, now section 16-11-202, C.R.S. 1973 (1978 Repl. Vol. 8), provides: “Probationary power of court. When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best. In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony, sixty days for a misdemeanor, or ten days for a petty offense unless it is a part of a work release program pursuant to section 16-11-212. That the defendant submit to commitment imposed under this section shall be deemed a condition of probation.” (Emphasis added.) Thus, the legislature obviously has considered the therapeutic benefits of incarceration as a condition of probation and has established the limits of *484 such a condition. Further, as indicative of the legislative intent, is section 16-11-204, C.R.S. 1973 (now in Repl. Vol. 8), which authorizes the imposition of additional conditions of probation that the court may attach to a grant of probation. This section does not include a provision for service of a portion of a sentence in the state penitentiary as a condition of probation. A court, therefore, is not free to impose as a condition of probation any period of incarceration in the state penitentiary (as the district court did here), nor may any period of incarceration in a county jail exceed the prescribed time limits.
In view of the statutory framework, we are constrained to hold that the district court exceeded its authority in requiring that Todd serve one year of the ten-year sentence in the state penitentiary and in suspending the balance of the sentence, and in placing Todd on probation for ten years.
According to the record, Todd had no prior felony convictions and was eligible for probation, in the discretion of the court. The court could have placed him on probation for the full term of the sentence and could have imposed appropriate conditions as authorized by the statute, including a ninety-day jail sentence. Alternatively, the court could only require that Todd serve the minimum sentence imposed by law.
We direct that the district court vacate the order entered pursuant to Todd’s motion to modify sentence, and that it reconsider the motion and enter an appropriate order in conformity with the views expressed herein.
Rule made absolute.
MR. JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.

 The People contend that People v. Hinchman, 196 Colo. 526, 589 P.2d 917 (1978), prohibits a district court from granting probation so that the period of incarceration is less than the statutory minimum. Hinchman dealt with a court’s power of suspension without a concomitant grant of probation.

 In 1970, the statute granting probationary power to the courts, C.R.S. 1963, 39-16-6, provided: “Power of court. — (1) When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions in conformity with this article as it may deem best. Such court, subject to the provisions of this article, may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years; provided that, the period of probation, together with any extension thereof, for any person adjudged guilty of a misdemeanor shall not exceed one year.
“(2) After a plea of nolo contendere the court may place the defendant on probation upon terms and conditions in conformity with this article.”