PEOPLE of the State of Colorado ex rel. Robert R. GALLAGHER, Jr., District Attorney For the Eighteenth Judicial District, State of Colorado, Petitioner,

v.

DISTRICT COURT In and For the EIGHTEENTH JUDICIAL DISTRICT, COUNTY OF ARAPAHOE, State of Colorado and the Honorable Robert R. Kelley, One of the Judges Thereof, Respondents.

No. 81SA235.

Supreme Court of Colorado, En Banc.

Aug. 24, 1981.

Robert R. Gallagher, Jr., Dist. Atty., John C. Jordan, Chief Deputy Dist. Atty., Littleton, for petitioner.

J. Gregory Walta, Colo. State Public Defender, Nicholas R. Massaro, Jr., Deputy State Public Defender, Littleton, for respondents.

LOHR, Justice.

In this original proceeding pursuant to C.A.R. 21, we issued a rule directing the Arapahoe County District Court and one of its judges to show cause why that court and judge should not be prohibited from delay-

ing the sentencing of James Robert Hyde on his felony conviction for third-degree burglary until he has served his sentence for misdemeanor theft. Both convictions are based upon the same incident. We conclude that the delay in imposition of sentence for the felony conviction is contrary to law and therefore make the rule absolute.

Hyde was charged by information in district court with the offenses of third-degree burglary, section 18–4–204, C.R.S. 1973 (1978 Repl. Vol. 8), and theft of property having a value less than fifty dollars, section 18–4–401(2)(a), C.R.S. 1973 (1978 Repl. Vol. 8), based on removal of coins from a vending machine located in a store in Aurora, Colorado. Hyde has five prior felony convictions and so is ineligible for probation if again convicted. Section 16–11–201(2), C.R.S. 1973 (1978 Repl. Vol 8).[1] Hyde decided not to attempt to avoid conviction. Instead, he sought a means of serving his sentence in the county jail rather than in the correctional facilities at Canon City or Buena Vista. A description of the relevant sentencing statutes will provide a background for an understanding of the strategy which Hyde adopted to achieve his goal.

Third-degree burglary is a class five felony, section 18–4–204(2), C.R.S. 1973 (1978 Repl. Vol. 8), for which the prescribed sentence, absent extraordinary mitigating or aggravating circumstances, is a definite term in the range from one to two years plus one year of parole, section 18–1–105, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). A defendant sentenced for a felony must be committed to the custody of the executive director of the department of corrections, section 16–11–301(1), C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.), and could be required to serve his sentence in the correctional facility at Canon City, section 18–1–

105(1)(c), C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.); *see* sections 17–40–101 to 103, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). Theft of property having a value less than fifty dollars is a class three misdemeanor; if the property has a value of fifty dollars or more but less than two hundred dollars the offense is a class two misdemeanor. Section 18–4–401(2)(a) and (b), C.R.S. 1973 (1978 Repl. Vol. 8). No term of imprisonment for conviction of a misdemeanor is to be served in the correctional facilities at Canon City unless served concurrently with a term for conviction of a felony. Section 18–1–106, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.).

In order to prevent confinement, of Hyde in the custody of the department of corrections, his counsel devised an imaginative plan. First, the theft charge would be amended upward to allege the taking of property having a value of fifty dollars or more but less than two hundred dollars, a class two misdemeanor. Hyde would then plead guilty to the burglary and amended theft charges. The maximum sentence of imprisonment for conviction of a class two misdemeanor is twelve months. Section 18–1–106, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). Hyde would suggest that the court sentence him to twelve months imprisonment in the county jail, with work release, on the theft conviction and would ask that sentence not be imposed for the burglary until he had served the twelve month sentence for theft. On completion of the theft sentence Hyde would be sentenced on the burglary conviction to one year, plus one year of parole, and the one year served in the county jail for theft would be credited against that burglary sentence.[2] *See* section 16–11–306, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). As a result, Hyde would serve no imprisonment time in the custody of the department of corrections.

---

1. Section 16–11–201(2) provides:

   A person who has been twice convicted of a felony in this state or another state prior to the conviction on which his application [for probation] is based shall not be eligible for probation.

2. The reason for amendment of the theft charge from a class three misdemeanor to a class two misdemeanor was to increase the authorized maximum sentence from six months to twelve months so that enough time in county jail could be imposed to accumulate credits for time served equal to the proposed one year minimum sentence for the burglary.

As a product of plea bargaining, the district attorney agreed to amend the theft charge as proposed and not to file habitual criminal charges, *see* section 16–13–101, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). The theft charge was so amended, and Hyde pled guilty to the burglary and amended theft charges. Later, at the sentencing hearing, Hyde's counsel proposed his sentencing plan to the court. The district attorney opposed the plan.[3] The court then sentenced Hyde to one year in county jail, with work release,[4] on the theft conviction and, over the district attorney's objection, ruled that sentencing on the felony would be held in abeyance until the twelve months sentence on the theft charge had been served. The respondents concede that the purpose of deferral of the burglary sentencing is to implement defense counsel's proposed sentencing plan. We conclude that deferral of the burglary sentence for such a purpose is legally impermissible.

■ The judge apparently adopted the sentencing plan as best calculated to promote the defendant's rehabilitation. In imposing sentence one factor which a judge must consider is the rehabilitation needs of the individual defendant. Section 18–1–102.5(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.); *e. g., People v. Watkins*, Colo., 613 P.2d 633 (1980). Although a judge has broad discretion in tailoring a sentence to meet those needs, *e. g., People v. Martinez*, Colo., 628 P.2d 608 (1981); *People v. Cohen*, Colo., 617 P.2d 1205 (1980), the sentence must be consistent with legislatively imposed limits and constraints, *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979); *Herrmann v. District Court*, 186 Colo. 350, 527 P.2d 1168 (1974); *see People ex rel. Gallagher v. District Court*, 197 Colo. 481, 593 P.2d 1372 (1979).

■ As relevant here, the legislature has prohibited the courts from granting probation to a person, such as Hyde, who has two or more prior felony convictions on his record. Section 16–11–201(2), C.R.S. 1973 (1978 Repl. Vol. 8), quoted in footnote 1, *supra*. A convicted felon who has such a record must be sentenced to the custody of the executive director of the department of corrections. Sections 16–11–301 and 308, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). A court is not free to disregard these legislative mandates even when they appear to dictate a sentence which the court considers inappropriate to a particular case.

■ Although the General Assembly has prescribed no specific time within which sentence must be imposed, our own rules require that sentencing occur without unreasonable delay. Crim.P. 32(b). The defendant was promptly sentenced for the misdemeanor theft conviction. There is no dispute that the only reason for delaying the sentence for the felony conviction is to prevent the defendant from serving any imprisonment time in the custody of the executive director of the department of corrections. We conclude that to permit this plan to go forward, even though it appears from the record to have been adopted with the best of intentions to meet the rehabilitative needs of the defendant, impermissibly circumvents the statutory requirement that defendants with two prior felony convictions be sentenced to the custody of the department of corrections. *Cf. People v. Hinchman, supra* (a court may not circumvent legislative dictates by first sentencing within legislatively prescribed parameters and then suspending a portion of the minimum and maximum); *Herrmann v. District Court, supra* (a defendant who is not eligible for probation because of prior felony convictions cannot be granted a suspended sentence, for that circumvents the statute

---

3. The district attorney said: "... I am opposed to [defense counsel's] sentencing arrangement. It sounds like a deferred judgment to me and I am not consenting to it. I think the defendant ought to be sentenced appropriately."

4. Work release is authorized as a specific condition of probation. Section 16–11–212, C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Supp.). The parties have not raised the question whether a court may impose a work release requirement as part of a non-probationary disposition, and we do not address it.

prohibiting the granting of probation to such a defendant). We also conclude that, there being no legally justifiable reason for the one year deferral of imposition of sentence, the deferral constitutes an unreasonable delay in sentencing contrary to Crim.P. 32(b).

We therefore make the rule absolute and remand this cause to the trial court for prompt imposition of sentence upon the defendant for his conviction of third-degree burglary.