JOHNSON HOMES, INC., a Colorado
corporation, Plaintiff-Appellee,

v.

SOUTHWEST METROPOLITAN WA-
TER AND SANITATION
DISTRICT, Defendant-Appellant.

No. 84CA1334.

Colorado Court of Appeals,
Div. III.

Jan. 30, 1986.

Rehearing Denied March 6, 1986.

Certiorari Denied (Johnson)
Sept. 29, 1986.

Fuller and Evans, Larry G. Johnson, Val-
erie W. Kenney, Denver, for plaintiff-appel-
lee.

Timothy J. Flynn, Englewood, for de-
fendant-appellant.

TURSI, Judge.

Defendant, Southwest Metropolitan Wa-
ter and Sanitation District (district), ap-
peals a summary judgment in favor of
plaintiff, Johnson Homes, Inc. (developer).
We reverse.

The district, a special district, owns and
operates sewage collection and trans-
mission lines but does not own or operate a
sewage treatment plant. The district has
arranged by contract with the City of Lit-
tleton (city) for connection to the city's
sewage transmission lines and treatment
plant.

When the district was formed in 1962, it
included a tract of land known as Wolhurst
Landing. In 1973, the tract of land was
annexed by the city, and in 1978, the devel-
oper began development of the tract. The
developer paid a sewer tap fee to the city
and, under protest, to the district for each
unit within Wolhurst Landing that connect-
ed into the district's sewer lines. The de-
veloper could have chosen to build its own

sewer lines to connect into the city's sewer system instead of connecting to the district's sewer lines. The city's municipal code required only that the developer provide sewer service to the project at the developer's expense.

In November of 1983, developer filed suit against the district and the city. The developer maintained that it was entitled to a refund of any tap fees it had paid under protest and in excess of the tap fees imposed under the city sewer ordinance. The developer also argued that the district had bargained away its rights to collect tap fees in a sewer service agreement between the district and the city.

All parties moved for summary judgment. The city's motion for summary judgment was granted, and the city was dismissed from the lawsuit. The trial court granted the developer's motion against the district and entered judgment for the tap fees that had been paid under protest. The district's motion was denied.

On appeal, the district contends that the trial court erred in concluding that the April 12, 1979, sewer service agreement (agreement) between the city and the district exempted the developer from paying sewer tap fees to the district. We agree.

■ In construing a written agreement, this court is not bound by the construction placed upon the agreement by the trial court. *Klingensmith v. Serafini*, 663 P.2d 1058 (Colo.App.1983). The meaning and intent of the parties must be determined in light of the contract as a whole. *Gandy v. Park National Bank*, 200 Colo. 298, 615 P.2d 20 (1980). Further, the construction of the contract must be consistent with the main purposes of the contract. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978).

The agreement refers to resident and nonresident tap fees and does not provide for the district to waive or forego its right to impose a tap fee. The city, in its brief in the trial court, stated that it joined in the district's argument regarding the sewer service agreements to the effect that the district did not bargain away its rights to impose tap fees on those customers using its facility. Thus, there was no compliance with the requirement that a third-party beneficiary must establish that a promise to render a benefit was made on its behalf. *See Fourth & Main Co. v. Joslin Dry Goods Co.*, 648 P.2d 178 (Colo.App.1982).

■ The district next argues that when property is located within a special district and within a city and the property connects to the special district's sewer lines for purposes of transmitting sewage into the city's sewer treatment facilities, a district can collect a sewer tap fee for use of its facilities. We agree.

■ The overlap of the territory of a special district and a city does not vest exclusive jurisdiction over the overlapping territory in one entity or the other. *Garden Home Sanitation District v. City & County of Denver*, 116 Colo. 1, 177 P.2d 546 (1947).

Special districts are political subdivisions of the state and are created as convenient agencies for exercising such of the governmental powers of the state as may be entrusted to them. *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). Further, the General Assembly has expressly and unequivocally authorized a water and sanitation district to operate and exist within the corporate limits of a municipality. Section 32-1-107(1), C.R.S. *See City of Aurora v. Aurora Sanitation District*, 112 Colo. 406, 149 P.2d 662 (1944) (sanitation district located entirely within city may collect fees and levy taxes).

■ Here, the tap fee charged by the district was restricted solely to facilities that it was providing the developer; and the city's tap fee was limited to the services it was rendering. Developer cannot complain because it chose to utilize facilities made available to it by the district.

The judgment is reversed and the cause is remanded to the trial court for entry of

judgment in favor of the district and against the developer.

VAN CISE and METZGER, JJ., concur.