The CITY OF WESTMINSTER, a Colorado municipal corporation, and the City Council of the City of Westminster, Plaintiffs–Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, Colorado; Marjorie E. Clement, Rich Ferdinandsen, and Donald C. Stanbro, in their official capacity as members of the Board of County Commissioners of the County of Jefferson; Jefferson County Library Board of Trustees; Conrad Gardner, Karen Farrar, Elena Grisson, Kathleen Klepetko, Suzan Rickert, W. Howard Smith, and C.R. Spielman, in their official capacity as members of the Jefferson County Public Library Board of Trustees; Judy Petit, in her official capacity as Jefferson County Tax Assessor; and Donald E. Couch, in his official capacity as Jefferson County Treasurer, Defendants–Appellees.

No. 87CA0805.

Colorado Court of Appeals,
Div. III.

Nov. 10, 1988.

Rehearing Denied Dec. 22, 1988.

Certiorari Denied March 20, 1989.

Martin R. McCullough, City Atty., Westminster, for plaintiffs-appellants.

Patrick R. Mahan, Jefferson Co. Atty., Ellen Good Wakeman, George Theophilos, Asst. Co. Attys., Golden, for defendants-appellees.

STERNBERG, Judge.

This is a declaratory judgment action between plaintiffs, City of Westmin-

ster and its city council (city), and defendants, various Jefferson County agencies and officials thereof (county). The question at issue is whether a city which maintains its own public library system may, pursuant to § 24–90–106, C.R.S. (1988 Repl. Vol. 10B), elect to terminate its participation in, and to exclude the properties within the city from, an existing county public library system established before the city had its own libraries. On cross-motions for summary judgment, the trial court entered judgment for the county. The city appeals, and we affirm.

In 1952, the county established the Jefferson County Library. Since 1968, that library has been funded by a separate mill levy. The city was originally located entirely within Adams County. In 1969, it annexed some property in Jefferson County. The city operates and maintains its own public libraries for the use and benefit of its residents. These libraries are supported by taxes levied by and paid to the city.

In 1986, the city council adopted a resolution which provided that the continued participation of the city in the county library system would no longer be in the best interest of the citizens of the city, and that the city's participation in the county library system would terminate, effective January 1, 1987. Thereafter, the county refused to confirm the city's action.

Section 24–90–106, C.R.S. (1988 Repl. Vol. 10B) provides:

"**Establishment of public libraries.** Any governmental unit of the state of Colorado has the power to establish and maintain a public library ... either by itself or in cooperation with one or more other governmental units; except that the legislative body of any governmental unit which maintains a public library *within the territory to be served* by a county library or a library district may decide not to participate in said county library or library district." (emphasis added)

The city contends the right to exclude itself from the county library system, granted to municipalities under the above statute, contains no limitations or restrictions as to when this right may be exercised. We disagree.

The essence of every statute is its intent, and when the General Assembly's purpose in passing a statute can be divined, the statute must be construed to accomplish that purpose effectively. *Martinez v. People*, 111 Colo. 52, 137 P.2d 690 (1943). As stated most succinctly in *Posey v. District Court*, 196 Colo. 396, 586 P.2d 36 (1978), in construing statutes, "legislative intent is the polestar." *See also* § 2–4–101, C.R.S.

Applying these general rules of construction to the specific language of the statute, we conclude that this is not a disconnection statute; rather, we understand the plain meaning of the words used by the General Assembly to be that the city could exclude itself from the district *at the time of formation of the district,* but not later. This interpretation limiting the right to exclude to the time of formation of the district is based in part on the language in the statute which speaks of "the territory *to be served* by a county library or a library district...." The words "to be served" cannot be interpreted as meaning "already being served." Also, the title of the statute refers to "establishment" of the library, indicating the provisions are applicable only at the time of formation of the system.

Our interpretation is further buttressed by considering the financial difficulties that could be created if we were to interpret the statute as allowing a city to withdraw after the county library is operating. If a county has an existing library providing services to its residents, to allow part of the district to withdraw could create economic and budgetary chaos in that fixed expenses would thereafter have to be paid by the remaining portions of the district. We cannot attribute to the General Assembly an intention to allow such consequences. *See* § 2–4–101, C.R.S.

In those instances in which the General Assembly does wish to allow for exclusion of property from a district after it has been in operation, it has done so in a way that

establishes procedures protective of the tax base of the district. For example, it has done just that in the Special District Act, § 32–1–502, C.R.S. (1988 Cum.Supp.). That statute provides for equitable disconnection procedures that avoid untoward consequences to the property owner. Had the General Assembly intended to allow a portion of a county library system to exclude itself from the system after it was in operation, it could have adopted similar provisions in the statute relating to county library systems. The statute in question here is not such a statute.

The judgment is affirmed.

CRISWELL, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting.

I agree with the city's contention that, under § 24–90–106, C.R.S. (1988 Repl. Vol. 10B), it has the right, and has properly executed that right, to exclude itself from the county library system. Therefore, I respectfully dissent.

"The language of a statute must be accorded its familiar meaning, and a forced or strained interpretation should not be followed." *Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo. App.1985). *See also* § 2–4–101, C.R.S. The statute granting a municipality the right to exclude itself from a county library system contains no limitations or restrictions as to when this right may be exercised. Courts should not interpret a statute to mean that which it does not express. *Adams v. Safeco Insurance Co.*, 674 P.2d 999 (Colo.App.1983).

Unlike the majority, I read the words "to be served" to modify territory and, thus, to pertain to location rather than to any limitation on the right to exclude.

It is undisputed that the city maintains a public library within the territory served by the county library. Also, there is no county library facility located within the boundaries of the city. Therefore, under the express provisions of the statute, the city is entitled to a declaratory judgment that it has the right not to participate in the county library, that it has exercised that right effective January 1, 1987, and that it is entitled to the relief prayed for in its complaint.

The judgment should be reversed, and the cause should be remanded for further proceedings.