The BOARD OF TRUSTEES OF the TOWN OF WELLINGTON, Colorado, Plaintiff–Appellee,

v.

The BOARD OF TRUSTEES OF the FORT COLLINS REGIONAL LIBRARY DISTRICT and Steve Miller, as Larimer County Assessor, Defendants–

Appellants.

No. 08CA2458.

Colorado Court of Appeals,
Div. A.

July 9, 2009.

Rehearing Denied Aug. 6, 2009.

March, Olive and Pharris, LLC, J. Brad March, Fort Collins, Colorado, for Plaintiff–Appellee.

Seter & Vander Wall, P.C., Kim J. Seter, Staci A. Usagani, Greenwood Village, Colorado, for Defendants–Appellants.

Opinion by Chief Judge DAVIDSON.

The issue presented in this declaratory judgment action is whether the trial court properly determined that land annexed by plaintiff, the Board of Trustees of the Town of Wellington, Colorado (Town), is automatically removed from the Fort Collins Regional Library District (District). We reverse and remand.

## I. Statutory and Procedural Background

### A. Formation of Library Districts

Under the Colorado Library Law, §§ 24–90–101 to –119, C.R.S.2008, and as relevant here, a library district may be formed by, among other means, a petition of registered electors submitted to the appropriate governmental unit. § 24–90–107(1) & (3), C.R.S. 2008. The petition must specifically describe the boundaries of the property to be affected. § 24–90–107(3)(a)(IV), C.R.S.2008 (petition must contain "[a] general description of the legal service area of the proposed public library with such certainty as to enable a property owner to determine whether or not such property owner's property is within the proposed library's legal service area"). A legal service area is "the geographic area for which a public library has been established to offer services and from which, or on behalf of which, the library derives income." § 24–90–103(4.5), C.R.S.2008.

The governmental unit, in turn, submits the question to a vote of the registered electors residing in the proposed library's legal service area. Upon approval by a majority of the voters, the library district is established in conformity with the terms of the petition. *See* § 24–90–107(3)(d) & (g), C.R.S.2008.

At the time of the district's formation, an existing governmental unit within the proposed boundaries of a library district is entitled, under certain circumstances, to not participate:

> The legislative body of any governmental unit that maintains a public library within the territory to be served by a county library or a library district or the board of trustees of an established library district shall decide, by resolution or ordinance, whether or not to participate in the county library or library district.... Written notice of a decision not to participate shall be filed with the board of county commissioners.... The notice shall be filed at least thirty days prior to action being taken ... on the resolution to conduct an election to create the county library or library district.

§ 24–90–106(1), C.R.S.2008.

■ Thus, before formation of the library district is submitted to voters, a governmental unit within the proposed district, if it currently maintains a public library, can elect not to participate in the proposed library district. *See City of Westminster v. Bd. of County Comm'rs,* 771 P.2d 11, 12 (Colo.App. 1988).

### B. Declaratory Judgment Proceedings

Pursuant to these statutory provisions, in 2006, the District was duly established. At the time of the District's formation, the Town decided not to participate in the proposed District. Consequently, the boundaries of the District, approved by vote of the eligible electors residing within the legal service area of the District, did not include any portion of the Town.

In 2008, because it planned to annex land then within the District, the Town filed this declaratory judgment against defendants,

Steve Miller, as Larimer County Assessor, and the District's Board of Trustees, seeking a determination that the land, upon annexation, would be automatically removed from the District. On cross-motions for summary judgment, the trial court agreed with the Town, determining as a matter of law that "the Town's laws and ordinances [including prior decisions of the Town's Board of Trustees] become effective in the newly annexed areas" and that the resolution "not to participate in the Library District[ ] is such a decision." Defendants then filed this appeal.

Our review is de novo. *See BRW, Inc. v. Dufficy & Sons, Inc.,* 99 P.3d 66, 71 (Colo. 2004) (summary judgment); *Hendricks v. People,* 10 P.3d 1231, 1235 (Colo.2000) (statutory interpretation).

### II. Merits

On appeal, the District contends that the trial court erred by determining that, upon annexation, the new areas of the Town are automatically removed from the District. We agree with the District that land properly included within its boundaries at the time of its formation cannot be removed merely through annexation by a nonparticipating municipality.

■ As a general matter, existing municipal ordinances apply to newly annexed areas. *See, e.g.,* E. McQuillin, *Law of Municipal Corporations* § 7:57 (3d rev. ed.2008); *see also People ex rel. City & County of Denver v. County Court,* 137 Colo. 436, 439, 326 P.2d 372, 374 (1958) (lawfully annexed land becomes "a part of the city for all authorized purposes").

■ However, a municipality cannot accomplish by mere annexation what is illegal or statutorily impermissible. *See City & County of Denver v. Howard,* 622 P.2d 568, 570 (Colo.1981) (municipal ordinance may not permit what a state statute forbids); *Valley Water Dist. v. City of Littleton,* 32 Colo.App. 286, 288, 512 P.2d 644, 645 (1973) (district not deprived of its assets or right to continue service in annexed area); *see also Cline v. City of Boulder,* 168 Colo. 112, 118–19, 450 P.2d 335, 338–39 (1969) (while city can rezone annexed property, it cannot deny the validity

of a building permit where owner has materially altered his position in reliance thereon); *see generally* McQuillin, § 7:57 (annexation of property does not impair vested rights or the obligations of contracts).

■ Here, contrary to the trial court's determination, we conclude that the Library Law permits the Town to remove from the District property and electors duly included within the District only by compliance with the terms of section 24–90–106.5, C.R.S.2008 (formerly codified at § 24–90–106(2) under Ch. 195, sec. 2, 1990 Colo. Sess. Laws 1294), and, therefore, the Town's 2006 resolution of nonparticipation in the District does not remove the areas later annexed by the Town.

■ "In interpreting a comprehensive legislative scheme, we must give meaning to all portions thereof and construe the statutory provisions to further the legislative intent." *A.B. Hirschfeld Press, Inc. v. City & County of Denver*, 806 P.2d 917, 920 (Colo.1991). "If the plain language of the statute is clear and unambiguous, we interpret the statute according to its plain meaning." *Hernandez v. People*, 176 P.3d 746, 751 (Colo.2008).

By the plain terms of the Library Law, once voters have approved formation of a district, its boundaries and expected sources of revenue are fixed. *See* § 24–90–107(3) (electors vote on petition containing description of legal service area and specifying the "mill levy to be imposed or other type and amount of funding"); § 24–90–103(4.5) (legal service area is the geographic area "from which, or on behalf of which, the library derives income"); *see also* § 24–90–114, C.R.S.2008 (public library may only be abolished by vote of registered electors within that library's legal service area).

In *Westminster*, a division of this court, interpreting an earlier version of former section 24–90–106, *see* Ch. 123, sec. 5, 1980 Colo. Sess. Laws 619, addressed whether the city, once it developed its own library system, could remove from a library district the properties annexed by the city that had been included in the district at the time of its formation. The division held that the statute allowed a city not to participate only at the time of the district's formation. *Westmin-*

*ster*, 771 P.2d at 12–13 (that version of section 24–90–106 is not a "disconnection statute"; rather it allows non-participation upon formation); *see City of Littleton v. Wagenblast*, 139 Colo. 346, 353, 338 P.2d 1025, 1028 (1959) ("power of annexation and disconnection is essentially legislative" and "must be expressly granted and cannot be impliedly read into a statute"); *cf.* § 32–1–502, C.R.S. 2008 (providing specific procedures for removing from a special district portions of the district lying within a municipality). In its interpretation, the division noted the financial difficulties that would necessarily follow if a city could remove all or some properties after a district was in operation. *See Westminster*, 771 P.2d at 12 ("[T]o allow part of the district to withdraw could create economic and budgetary chaos in that fixed expenses would thereafter have to be paid by the remaining portions of the district.").

Thus, former section 24–90–106, as then in effect, did not allow for any land previously included in a library district *ever* to be removed from the district, even when that land was later annexed by a town or city which provided its own municipal library services.

In 1990, following the *Westminster* decision, section 24–90–106 was amended. As relevant here, the General Assembly maintained the requirement that a governmental entity wishing not to participate in a library district must do so at the time of the district's formation. However, rather than prohibiting any subsequent removal of land from an existing library district as under the earlier statute, the legislature added to section 24–90–106 a mechanism to allow for a governmental entity establishing its own library to remove land lying within an existing library district. *See* Ch. 195, sec. 2, § 24–90–106(2), 1990 Colo. Sess. Laws 1294 (now codified as § 24–90–106.5). That mechanism is quite circumscribed, however, permitting removal only when it is accomplished "by means of financial support that does not affect the financial support previously established for the county library or library district," or, if the district's financial support is affected, when the district and municipality enter into a mutual written agreement. *See* § 24–90–106.5. Thus, a municipality that has

duly elected not to participate in a library district can remove newly annexed land from the district, but only when the affected district is protected from loss of revenue from that removed property or the library district agrees otherwise.

Accordingly, we conclude that, under the statute, land annexed by the Town can be removed from the boundaries of the District, but only pursuant to the specific provisions of section 24–90–106.5. Thus, we agree that the trial court erroneously determined, as a matter of law, that merely by dint of annexation, the Town can successfully remove its newly acquired land from the District.

### III. Remand

We do not resolve in this appeal any question of compliance with section 24–90–106.5 because it was not discussed by the trial court and the Town did not specifically raise it as an issue on appeal. However, the Town is not foreclosed by this opinion from seeking removal pursuant to the provisions of section 24–90–106.5.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

WEBB and STERNBERG *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.