**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

**v.**

**David Chaney WIDHALM, Defendant-Appellee.**

**No. 81SA476.**

Supreme Court of Colorado, En Banc.

March 15, 1982.

Rehearing Denied April 5, 1982.

Paul Q. Beacom, Dist. Atty., Steven Bernard, Kathryn J. Aragon, Deputy Dist. Attys., Brighton, for plaintiff-appellant.

Robert L. McDougal, Denver, for defendant-appellee.

QUINN, Justice.

The district attorney prosecutes this appeal pursuant to section 16–12–102, C.R.S.

1973 (1978 Repl. Vol. 8), and requests us to determine whether section 16–7–403(2), C.R.S.1973 (1978 Repl. Vol. 8), requires the court to enter a judgment of conviction upon finding at a revocation hearing that the defendant has violated the condition of a deferred judgment. We hold that the statute mandates the entry of a judgment of conviction under such circumstances and, accordingly, we reverse the ruling of the district court.

On March 31, 1980, an information was filed in the Adams County District Court charging the defendant with felony-theft of a motor vehicle engine and an automobile seat, the crime allegedly having been committed sometime during the period from March 31 to August 7, 1979. Pursuant to a plea agreement the defendant, the defendant's attorney, and the district attorney consented in writing to the entry of a guilty plea to the charge and to the deferral of judgment and sentence for a period of one year. The written plea agreement expressly provided that the defendant would be placed under probationary supervision for a period of one year and would make restitution to the victim of the theft in the amount of $1900, payable through the registry of the court in twelve monthly installments of $158.33. The court approved the

written agreement and on August 28, 1980, the defendant entered a plea of guilty which the court accepted. By written order the court placed the defendant under supervision of the probation department for a period of one year under conditions which included periodic reporting to the supervising officer and the payment of restitution as agreed in the prior written consent to the deferred judgment.

On June 24, 1981 the district attorney filed an application to revoke the deferred judgment on the grounds that the defendant had failed to maintain contact with his probation officer and had made no restitution payments. An evidentiary hearing was conducted by the court on August 7, 1981, and at the conclusion of the evidence the court found that the petition to revoke had been sustained by a preponderance of the evidence.[1] In its ruling the court noted that the defendant totally ignored his reporting responsibilities, and in spite of his financial ability to pay restitution, had violated this condition of the deferred judgment as well.[2] Instead of entering a judgment of conviction, the court, over the district attorney's objection, continued the defendant under the deferred judgment and extended the period of deferral for an addi-

---

1. At the revocation hearing a probation officer testified that, in spite of repeated requests to make periodic payments of restitution as ordered by the court, the defendant made no payments whatever. On the day of the revocation hearing the defendant tendered a check in the amount of $2,000 to the clerk of the district court to cover restitution and court costs then owing. Also, although the defendant was notified on several occasions to report to his supervising probation officer, he consistently missed appointments. He first reported on December 4, 1980 and thereafter ignored requests to report again. The only other occasions on which he reported were on June 3, and June 24, 1981, and then only after considerable effort on the part of the supervising officer to make contact with him.

2. The district court left no doubt that the defendant's violations were deliberate and inexcusable, as evidenced by the following comments of the judge in sustaining the petition to revoke:

"He totally ignored any responsibility that he had, made no attempt whatsoever to make any payments when he was fully capable of paying them. As a matter of fact, he stated he reported $40,000 personal loss because of some bad investments that he had made last year, a clear indication to the Court that he could have paid this restitution any time that he saw fit, certainly was able to make $158.33 a month but made absolutely no attempt to do so. This is what bothers the Court. The man could have made $100, $50, and said, 'I've got business problems. I can't do any better.' He totally ignored it. He ignored phone calls from [the probation officer]. And in my opinion he bent over backwards to give him a break. As far as the Defendant was concerned, he could have cared less that he faced sentencing in this case because he has already entered a plea of guilty."

tional year. This appeal followed in due course.[3]

A deferred judgment and sentence, as authorized by section 16–7–403, C.R.S.1973 (1978 Repl. Vol. 8), is a unique dispositional alternative to the traditional plea of guilty. It permits a defendant to plead guilty without the entry of a judgment of conviction and accords him the opportunity to withdraw that plea and obtain a dismissal of the charges with prejudice upon compliance with stipulated conditions during the period of deferral. Subsection 2 of section 16–7–403 outlines the substantive and procedural consequences flowing from such a disposition:

> "Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney . . . is authorized to enter into a written stipulation, to be signed by the defendant, his attorney of record, and the district attorney, under which the defendant obligates himself to adhere to such stipulation. The conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation. Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea. Whether a breach of condition has occurred shall be determined by the court without a jury upon application of the district attorney and upon notice of hearing thereon of not less than five days to the defendant or his attorney of record. The burden of proof at such hearing shall be by a preponderance of the evidence, and the procedural safeguards required in a revocation of probation hearing shall apply."

The purpose of the written stipulation is to ensure that the defendant knows prior to the entry of a guilty plea the consequences of violating the conditions of the deferred judgment and sentence. Upon a judicial determination that such violation has occurred, the statutory direction in section 16–7–403(2) is clear and unequivocal: the court shall enter a judgment of conviction upon the previously entered plea of guilty. This legislative mandate is irreconcilable with a judicial discretion to continue the defendant under a deferred judgment, notwithstanding a judicial determination that he already has violated the conditions of the deferred judgment. We have held in several cases that a court is not free to disregard a specific legislative mandate relating to sentencing, even though another alternative might appear to be more appropriately suited to the circumstances of the case before it. *See, e.g., People ex rel. Gallagher v. District Court*, Colo., 632 P.2d 1009 (1981) (court without authority to delay sentencing of defendant on guilty plea to felony when defendant ineligible for probation, even though purpose of delay was to permit defendant to serve and receive credit for misdemeanor sentence of one year to county jail so as to avoid imprisonment on felony conviction); *People v. District Court*, 197 Colo. 481, 593 P.2d 1372 (1979) (court exceeded jurisdiction in ordering defendant to serve one year of ten year penitentiary sentence and in suspending balance of sentence on condition that defendant successfully complete ten year probationary period); *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978) (court may not impose sentence within minimum and maximum statutory ranges and then suspend portion of sentence so as to reduce actual sentence below statutory minimum); *Herrmann v. District Court*, 186 Colo. 350, 527 P.2d 1168 (1974) (court may not grant probation to defendant who is ineligible because of prior felony convictions); *Hemphill v. District*

---

**3.** Section 16–12–102, C.R.S.1973 (1978 Repl. Vol. 8), authorizes the district attorney to appeal "any decision of the trial court in a crimi-

nal case upon any question of law." *See People v. Traubert*, 199 Colo. 322, 608 P.2d 342 (1980).

*Court,* 197 Colo. 431, 593 P.2d 972 (1979) (court without authority to sentence defendant to "flat time", thereby depriving him of statutory right to earn good time towards reduction of sentence). The clear expression of legislative intent in section 16–7–403(2) and the aforementioned . cases are controlling on the issue raised here.[4]

██ We therefore hold that where the court conducts a revocation hearing and, as here, finds by a preponderance of the evidence that the defendant has violated the terms of the deferred judgment, section 16–7–403(2) requires the court to enter a judgment of conviction and, after an appropriate presentence hearing, to either sentence the defendant to a term of imprisonment or, in the court's discretion, to a term of probation if he is otherwise eligible therefor.

The ruling is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

Ruling reversed and cause remanded with directions.

---

**4.** We wish to make clear that in the absence of a finding that the defendant has violated the terms of the deferred judgment, the court does have some discretion to extend an original period of deferral up to the statutory maximum of two years. If, for example, a defendant lacks the financial ability to complete restitution within the period of deferral originally imposed by the court, the court may extend the term to permit the defendant to fulfill his obligation, so long as the total period of deferral remains within the statutory maximum. Other circumstances, such as an obvious need for additional rehabilitative counseling, also might warrant an extension. In these instances the justification for the extension originates in the legitimate interests of the defendant and the state and is unrelated to the defendant's deliberate violation of a previously stipulated condition of deferral. *See People v. Blackorby,* 41 Colo. App. 251, 583 P.2d 949 (1978).