**Duane K. ADAIR, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 80SC294.**

Supreme Court of Colorado, En Banc.

Aug. 9, 1982.

J. Gregory Walta, Colorado State Public Defender, Samuel W. McClure, Deputy State Public Defender, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William M. Morris, Asst. Atty. Gen., Litigation Section, Denver, for respondent.

LEE, Justice.

We granted certiorari to review the decision of the court of appeals in *People v. Adair*, Colo., App. 620 P.2d 46 (1980), regarding the revocation of a deferred sentence. We affirm in part and reverse in part.

The defendant, Duane K. Adair, was charged with sexual assault on a child without force, a class 4 felony. Section 18–3–405, C.R.S.1973 (1978 Repl.Vol. 8). As part of a plea agreement, on March 28, 1978, the defendant pled guilty to the offense and received a deferred judgment and sentence, pursuant to the provisions of section 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8).[1] As a condition of the deferred sentencing, the defendant was required to "participate and cooperate fully in any program involving professional assistance and counseling, as directed by the court or the probation officer." In October of 1978 the defendant was directed to enroll in a community corrections sex offender program.

The defendant's probation officer reported to the court that the defendant had failed to cooperate with the program. A bench warrant was issued, the defendant was arrested, and the court conducted a hearing on the defendant's compliance with the terms of his deferred sentence. The evidence showed that the defendant had been hostile and belligerent toward several members of the community corrections staff and had been profane and threatening on at least two occasions. He had refused to pay the required fee for participation in the program, had refused to disclose his income, and had indicated his unwillingness

---

1. Section 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8), provides in pertinent part:

   "(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney, in the course of plea discussion as provided in sections 16–7–301 and 16–7–302, is authorized to enter into a written stipulation, to be signed by the defendant, his attorney of record, and the district attorney, under which the defendant obligates himself to adhere to such stipulation. The conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation. Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea. Whether a breach of condition has occurred shall be determined by the court without a jury upon application of the district attorney and upon notice of hearing thereon of not less than five days to the defendant or his attorney of record. The burden of proof at such hearing shall be by a preponderance of the evidence, and the procedural safeguards required in a revocation of probation hearing shall apply."

to join the sex offender program, although he did attend the first session of the program.

The court revoked the deferred sentence, finding that the defendant was in violation of its terms. As a result the defendant was sentenced to the penitentiary. The court of appeals affirmed the action of the trial court.

The defendant challenges the revocation of his deferred sentence, arguing that he was amenable to participation in the program but that it was not reasonably explained to him. He points out that he did attend the first session of the sex offender program. He argues that the evidence presented at the hearing was insufficient to support revocation, and that the court erred in sentencing him to a term of imprisonment in the penitentiary.

## I.

The determination whether the terms of the deferred judgment have been violated is a factual matter for the trial court to resolve. To support revocation, violation of the deferred sentence need only be proven by a preponderance of the evidence. Section 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8). Once the proof has been made and the court finds that the terms of the deferred judgment were violated, the court must act to revoke the deferred judgment status, enter judgment, and impose sentence upon the defendant's guilty plea, as was held in *People v. Widhalm,* 642 P.2d 498 (Colo.1982).

The record contains sufficient evidence to sustain the court's finding that the defendant violated the terms and conditions of the deferred judgment stipulation. We find no abuse of discretion in the trial court's action in revoking the deferred judgment.[2]

2. We note that the court of appeals' statement regarding the discretionary nature of the grant of a revocation of the deferred judgment requires clarification. The court of appeals relied on cases construing the provisions for probation revocation, which indicated that such revocation is discretionary. This reliance was misplaced, as section 16–7–403 provides that once

## II.

The defendant also contends that the imposition of the term of imprisonment to the penitentiary was unwarranted, and that the trial court should have considered any of the sentencing alternatives which would be available if the judgment of conviction had been entered at the time of the guilty plea.

The court of appeals held that the language of the deferred sentencing statute "mandates that the court impose sentence, and does not leave such imposition to the court's discretion . . . ." *People v. Adair,* 620 P.2d at 47 (1980). The trial court interpreted the statute to exclude any alternative other than the imposition of a sentence to the penitentiary. We do not agree with that statutory interpretation.

Both the defendant and the People agree that when a deferred judgment is revoked in a felony case such as this, sentencing to the penitentiary is not mandatory. Subpart 2 of section 16–7–403 provides that should the defendant be found to have breached any "condition [of the deferred sentencing agreement] regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea." This language mandates imposition of sentence, but, does not require a term of imprisonment in the state penitentiary. In *People v. Turner,* 644 P.2d 951 (Colo.1982), we held that this section does not preclude the consideration of all sentencing alternatives available in section 16–11–101, C.R.S.1973. Thus, the type of sentence to be imposed after revocation of the deferred sentence is a matter within the discretion of the trial court, and a defendant is entitled to consideration of all statutory sentencing alternatives at the time the deferred sentence is revoked and judgment

the trial court finds that the violation has been proven by a preponderance of the evidence, the deferred sentence must be revoked. Probation revocation differs in that once a violation is found, the court may either revoke the probation or continue it. Section 16–11–206(5), C.R.S.1973 (1978 Repl.Vol. 8).

of conviction is entered against him. *People v. Turner, supra; People v. Widhalm, supra.*

 The trial court has broad discretion in sentencing one convicted of a felony. All relevant factors may be considered to determine which alternative is most appropriate to meet the sentencing goals and policies of deterrence, punishment, rehabilitation, and protection of the public. *See* section 18–1–102(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). Absent a finding of abuse of discretion, this court will not substitute its judgment on appeal. *People v. Trujillo,* 627 P.2d 737 (Colo.1981); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

 The People contend that the trial court did not abuse its discretion in sentencing the defendant to a term of imprisonment in the state penitentiary. The defendant pled guilty to sexual abuse of a child and the presentence report indicated the defendant had been previously arrested for indecent exposure. The charges in this case stemmed from the sexual abuse of his four-year-old daughter. Although given an opportunity for treatment and rehabilitation, the defendant was belligerent and uncooperative, and his deferred sentence was properly revoked.

At the revocation hearing, however, the trial court stated that it had no alternative other than to impose a sentence to the penitentiary. The court's statement was in error, for as we have stated above, the court had full discretion to sentence the defendant to probation or to a less restrictive alternative than the sentence to the state penitentiary. *See generally, III American Bar Association Standards for Criminal Justice, Sentencing Alternatives and Procedures* §§ 18–2.1(b), 18–2.2, 18–2.–3(b)(iii), 18–2.4, and 18–3.2; and *see People v. Turner, supra;* section 16–11–101, *supra.* Since the court misapprehended its discretion in sentencing after the deferred sentence had been revoked, this cause must be remanded for a reconsideration of the sentencing issue, consistent with the views expressed in this opinion.

Judgment affirmed in part, reversed in part, and cause returned to the court of appeals with directions to remand the case to the district court for resentencing.