The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Dean Allen WILDER, Defendant-Appellee.

No. 83SA341.

Supreme Court of Colorado, En Banc.

Sept. 4, 1984.

Rehearing Denied Sept. 24, 1984.

---

Terrance Farina, Dist. Atty., Thomas W. Blake, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellee.

ERICKSON, Chief Justice.

The prosecution appeals the district court's refusal to revoke a deferred judgment and sentence and enter a conviction pursuant to section 16–7–403, 8 C.R.S. (1978 & 1983 Supp.), after the defendant, Dean Allen Wilder, voluntarily admitted that he violated the conditions of a deferred judgment and sentence. We reverse.

### I.

The defendant was charged with possession of cocaine pursuant to section 18–18–105, 8 C.R.S. (1973 Supp.). He entered a plea of guilty and was granted a deferred judgment which provided that he be placed under probationary supervision for two years, that he pay court costs, sheriff's costs, and supervision costs in the amount of $117.50, and that he refrain from unlawful activity in Colorado or any other jurisdiction.

The prosecution subsequently filed an application to revoke the deferred judgment claiming that the defendant had violated several conditions of the deferred judgment and sentence. The prosecution alleged that the defendant had failed to maintain contact with his probation officer and had made only one payment of $20 to the court. Additionally, the prosecution alleged that defendant had been charged with removing a traffic control sign, failing to stop his vehicle at a stop sign, and driving with a suspended driver's license. At the revocation hearing, the defendant appeared with his counsel and admitted violating these four conditions of his deferred judgment. The trial court found that defendant's admissions were voluntary, but refused to revoke the deferred judgment and to enter a conviction and impose a sentence of either imprisonment or probation.

### II.

The prosecution asserts that section 16–7–403(2), 8 C.R.S. (1978 & 1983 Supp.), requires a trial court to enter a judgment of conviction upon finding at a revocation hearing that the defendant has violated a condition of a deferred judgment. We agree.

Subsection 2 of section 16–7–403, 8 C.R.S. (1978 & 1983 Supp.),[1] provides, in pertinent part:

> Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney, in the course of plea discussion as provided in sections 16–7–301 and 16–7–302, is authorized to

---

1. In 1983 the General Assembly amended section 16–7–403(2) to include:

    In addition, the stipulation may require the defendant to perform community or charitable work service projects or make donations thereto.... When, as a condition of the deferred sentence, the court orders the defendant to make restitution and finds that he has the ability to pay, evidence of failure to pay the said restitution shall constitute prima facie evidence of a violation.... Application for entry of judgment and imposition of sentence may be made by the district attorney at any time within the term of the deferred judgment or within thirty days thereafter....

    Section 16–7–403(2) (1983 Supp.). These statutory amendments are not pertinent to this opinion.

enter into a written stipulation, to be signed by the defendant, his attorney of record, and the district attorney, under which the defendant obligates himself to adhere to such stipulation.... Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea.... Whether a breach of condition has occurred shall be determined by the court.... The burden of proof at such hearing shall be by a preponderance of the evidence....

We have held that a trial court does not have discretion in revoking a deferred judgment once it finds that the defendant has violated the terms of a deferred judgment and sentence. In *People v. Widhalm,* 642 P.2d 498 (Colo.1982), the defendant pled guilty to felony theft and entered into a plea agreement which involved a one-year deferred judgment and sentence. Conditions of the deferred judgment included periodic reports to a probation officer and monthly restitution payments to the victim. During the one-year period, the prosecution filed a petition to revoke the deferred judgment. A hearing was held, and the court found that the defendant had violated two conditions of the deferred judgment. The court refused, however, to enter a judgment of conviction and the prosecution appealed. We reversed and held:

> Upon a judicial determination that such violation has occurred, the statutory direction in 16–7–403(2) is clear and un-

equivocal: the court shall enter a judgment of conviction upon the previously entered plea of guilty. This legislative mandate is irreconcilable with a judicial discretion to continue the defendant under a deferred judgment, notwithstanding a judicial determination that he has already violated the conditions of the deferred judgment. We have held in several cases that a court is not free to disregard a specific legislative mandate relating to sentencing, even though another alternative might appear to be more appropriately suited to the circumstances of the case before it.

*Widhalm,* 642 P.2d at 500 (Colo.1982). *See also Adair v. People,* 651 P.2d 389 (Colo. 1982) (reaffirming *Widhalm*).[2]

Here, the defendant pled guilty to possession of cocaine and a deferred judgment was entered. The trial court found that the defendant voluntarily admitted violating four conditions of the deferred judgment.[3] Applying *Widhalm* to these facts, we conclude that the trial court erred by not revoking the deferred judgment.

Accordingly, we reverse the trial court's ruling and remand the cause for further proceedings consistent with this opinion.

---

**2.** In *Adair,* the defendant pled guilty to sexual assault without force and received a deferred judgment and sentence. As a condition of the deferred sentence, the defendant was required to participate in a program involving professional counseling. The defendant's probation officer reported to the court that the defendant had failed to cooperate with the program. A hearing was held and the court revoked the deferred judgment finding that the defendant had violated its conditions.

**3.** The record contains the following colloquy:

Prosecution: Would the Court make a finding that this plea is voluntary?

The Court: You said you had not been able to get hold of him, has he been removing traffic control signs?

Defendant: I did not remove it. It was already on the side of the road. All I did was pick it up and then the sheriff—

The Court: What about failure to stop while driving under suspension?

Defendant: I did that, your Honor.

The Court: You are living kind of a dangerous life. If you keep this up, one of these days you are going to be gone. You had better start paying attention.

Defendant: Yes your Honor.

The Court: The Court finds that the admissions are voluntary.