The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Philip Leslie GALIMANIS, Defendant-Appellant.**

No. 84CA0809.

Colorado Court of Appeals, Div. II.

Oct. 30, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark and John M. Hutchins, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender and Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

In this appeal, defendant, Philip Leslie Galimanis, has moved for permission to file an opening brief of 138 pages, significantly in excess of the 30–page limit specified by C.A.R. 28(g). The Attorney General opposes defendant's motion and the defendant has filed a document in rebuttal. We grant the motion in part.

The defendant was convicted of first degree murder and motor vehicle theft after a bifurcated trial in which his pleas of not guilty by reason of insanity and not guilty were submitted to the jury. His appeal to this court contains assignments of error directed to both the sanity case and the trial on the merits.

■ Inasmuch as this is a first degree murder prosecution, and inasmuch as he is, in effect, appealing from two trials and intends to raise issues of constitutional dimension, we conclude it would be unreasonable here to require the defendant to adhere to the 30–page limit in C.A.R. 28. Rather, under these circumstances, we have no hesitation in granting permission to file a brief of up to 60 pages. Hence, we treat only the question whether additional pages over 60 should be allowed.

■ The proposed opening brief is divided into the subdivisions referred to in C.A.R. 28(a). There are 16 issues, the statement of which requires four pages; there is a six-page statement of the case detailing every procedural step taken by the parties and every ruling of the trial court. The statement of facts consists of 70 pages, and there are 57 pages of legal argument.

A cardinal rule governing an attorney in the preparation of an appellate brief is that the document be as named—brief! It is neither necessary nor advisable that every previous procedural move and ruling be presented to the appellate court. Only those procedural steps which are relevant to the issues raised in the appellate court need be recited. It is a rare case indeed that requires six pages of procedural material as a prerequisite to presentation of the assignments of error, and this case is not one of them.

C.A.R. 28(a)(3) specifically directs that a "statement of the facts relevant to the issues presented for review" be included in the brief of the appellant. Here, the facts relating to the sanity trial are set forth in 32 pages of narrative account of the testimony of some 17 witnesses. Likewise, there are another 32 pages of narrative account of the testimony developed at the trial on the merits.

Defendant raises four issues in support of reversal of the verdict in the sanity trial. Not one of them requires a recitation of the testimony of the witnesses at that portion of the trial. The only possible relevance of these facts to the issues argued is for the purpose of demonstrating that there was no harmless error, an argument which has not yet been raised.

Moreover, for appellate judges unfamiliar with the factual context of a case, a narrative account of the testimony of the witnesses is an extremely difficult format to understand. "A lawyer stating the facts of [the] case is telling a story, a story the

court should be able to accept and understand as it reads along...." F.B. Wiener, *Briefing & Arguing Federal Appeals* § 24 at 45 (1967). A narrative account of the testimony of the witnesses, often presented in the brief in the same order as their appearance in the trial court, is not conducive to a ready comprehension of the case, and almost always results in a work product of unnecessary length. *See* Wiener, *supra.*

In light of these considerations, we conclude that there are several areas in the proposed opening brief which could be editorially revised to a more concise form without any loss, and probably with significant gain, in impact.

Besides noting the prolixity of the factual portions of the proposed brief, we also bring to counsel's attention that: "One of the primary difficulties experienced by appellate counsel is the hesitance to limit the number of issues presented." J.M. Purver & L.E. Taylor, *Handling Criminal Appeals* § 91 at 142 (1980). We by no means presume to suggest that counsel abandon any of the assignments of error he has chosen and we recognize that none of the legal arguments presented is, by itself, of excessive length. Nevertheless, in light of the plethora of issues stated in the proposed brief, we call to counsel's attention the admonition of Purver & Taylor, *supra,* that: "Effective advocacy requires the recognition that if there are one or two strong arguments for reversal, these should be presented forcefully and others of less merit eliminated."

Because the legal arguments here, which consume 57 pages, are concisely stated, and because it is within the discretion of counsel to elect whether to delete any of these arguments, a limitation of 60 pages in this case would be unduly restrictive. In view of the length of the record and the necessity for stating the facts of both the sanity case and the trial on the merits, we conclude that an additional 20 pages should be allowed.

Accordingly, it is ordered that, within 30 days of this order, appellant may file an amended opening brief not to exceed 80 pages.

SMITH and STERNBERG, JJ., concur.