The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jeffrey S. KOEHLER, Defendant–Appellant.

No. 98CA2166.

Colorado Court of Appeals, Div. IV.

Oct. 12, 2000.

As Modified on Denial of Rehearing July 19, 2001.

Ken Salazar, Attorney General, Kathleen M. Byrne, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

The defendant, Jeffrey S. Koehler, appeals the sentence imposed upon him of eight years in the Department of Corrections (DOC) and three years of mandatory parole following his plea of guilty to one count of sexual assault on a child. We vacate the imposition of mandatory parole but otherwise affirm.

After the defendant pled not guilty to a number of sexual assault charges involving three children, hearings were held before the plea court on a series of motions for, *inter alia*, an independent psychological examination of the victims, the admission of child hearsay pursuant to § 13–25–129, C.R.S. 2000, the exclusion of evidence pursuant to § 18–3–407, C.R.S.2000 (Rape Shield Statute), and for admission of evidence of the defendant's prior wrongful acts pursuant to CRE 404(b). In the course of these hearings, the plea court heard extended testimony, subject to cross-examination, from the investigating officer, the three victims, and a therapist who had treated one of the victims. The plea court also reviewed, in camera, pertinent records of the Department of Human Services. As a result, the plea court formed an adverse opinion as to the credibility of some of the important witnesses.

As part of the plea agreement, the prosecution added one count of sexual assault on a child as a class four felony, § 18–3–405(1), C.R .S.2000, naming all three victims. The defendant entered a plea of guilty to the added count in exchange for the dismissal of the remaining counts, and the plea was accepted by the plea court.

During the providency hearing, the plea court advised the defendant that he could be sentenced to a maximum of sixteen years if extraordinary aggravating circumstances were found and three years of mandatory parole. The defendant indicated that he understood. The case was then continued for sentencing to September 17, 1998.

Prior to sentencing, the case was reassigned to the sentencing court. The defendant contested the reassignment of the case on the grounds that the judge presiding in the plea court was more familiar with the case and had expressed concerns about the credibility of some important witnesses, and requested a continuance.

The prosecution argued that a continuance would delay the resolution of the case, which would be unfair to the victims and their families. In addition, the prosecution requested the court to rely upon the presentence and psychological reports for direction in sentencing.

The sentencing court denied the defendant's request for a continuance and sentenced him to eight years in the DOC, the maximum sentence in the presumptive range, plus three years of mandatory parole. This appeal followed.

## I.

■ The defendant contends that the trial court erred in failing to grant his request to continue the sentencing hearing so that the plea judge could preside. We disagree.

■ There is no constitutional right to be sentenced by the same judge who presided at trial. *United States v. Fitzpatrick*, 548 F.2d 105 (3d Cir.1977). The same would presumably be true when, as here, a defendant enters a plea of guilty before one judge and is sentenced by another. While it is the better practice for the judge accepting the plea of guilty to impose the sentence, the sentence imposed by another judge with concurrent jurisdiction is not void. *Rogers v. United States*, 350 F.2d 297 (10th Cir.1965).

The defendant relies on ABA, *Standards for Criminal Justice* Standard 18–5.03 (3d ed.1986), which states that rules of procedure should provide that when, as here, guilt is determined by plea, the judge who accepted the plea should preside at sentencing unless the system of rotating assignments of judges in a multi-judge court makes that unfeasible. However, the ABA Standards are aspirational, Colorado has adopted no such rule of procedure, and we decline to elevate an aspirational standard to a rule of law by invalidating a sentence for an apparent violation of the standard.

Here, in response to the defendant's objection and request for continuance, the sen-

tencing judge stated that the plea judge had "specifically indicated" that he did not need to retain jurisdiction of the case.

The defendant argues that the extended evidentiary hearing at which all, or practically all, of the principal witnesses testified at length under oath subject to cross-examination was the functional equivalent of a trial. It is not, however, uncommon for trial courts, prior to plea, to have heard the testimony of witnesses, including the victims, on the issues presented on pre-trial motions and to have formed opinions on the evidence, including the credibility of the witnesses. These hearings, extended though they may be, are not a trial.

■ Motions hearings, even cumulatively, are narrowly focused on the legal and factual disputes germane to the motion, while a trial is broad in scope and addresses the charges on their merits. Thus, Crim.P. 25, which places limitations on the reassignment of a case following trial, does not govern here. *See People v. Little*, 813 P.2d 816 (Colo.App. 1991).

Here, the sentencing court expressly stated it would not consider the hearsay statements of one of the victims the plea court found incredible. Thus, we conclude that, under the circumstances presented here, there was no error in substituting judges after the defendant entered his plea of guilty.

## II.

The defendant next argues that, since the date of his alleged offenses includes several years which predated the passage of the mandatory parole law, the imposition of a mandatory parole period violates the due process and ex post facto clauses of the United States and Colorado Constitutions.

On September 17, 1998, the defendant pled guilty to one count of sexual assault on a child with three identified victims. The acts giving rise to the charges occurred between April 27, 1989, and September 4, 1997. The defendant was sentenced to eight years with the DOC and three years of mandatory parole.

For offenses committed prior to July 1, 1993, persons sentenced to the DOC for class four felonies were eligible for discretionary parole after serving a portion of the DOC sentence imposed by the trial court and were not subject to any subsequent mandatory parole. *See* §§ 18–1–105(1)(a)(IV) and 17–2–201(5)(a), C.R.S.2000. On June 25, 2001, our supreme court announced its opinions in *People v. Martin*, —— P.3d —— (Colo. No. 99SC602, June 25, 2001) and *People v. Cooper*, 27 P.3d 348 (Colo., 2001) in which, collectively, it held that sex offenders convicted of offenses occurring between July 1, 1993, and July 1, 1998, were subject to discretionary parole pursuant to §17-2-201(5)(a), C.R.S. (1999) and not mandatory parole puruant to §18-1-105(1)(a)(V)(C).

■ Therefore, during the entire period covered by the charges and the defendant's plea, the defendant was subject to discretionary parole not to exceed, and to be served within, the sentence to incarceration with the DOC imposed by the trial court. The mandatory parole of which he complains does not apply to the defendant.

Therefore, it is necessary to vacate that portion of the sentence which required the defendant to serve three years of mandatory parole and remand for resentencing to discretionary parole for a period that does not exceed the balance of the defendant's sentence to incarceration that was originally imposed by the trial court.

## III.

Finally, the defendant argues that the trial court abused its discretion by sentencing him to eight years with the DOC and three years of mandatory parole. We have already addressed the mandatory parole issue, and perceive no abuse of discretion as to the sentence providing for incarceration of the defendant with the DOC for a period of eight years.

■ Absent a showing that the court's wide latitude in sentencing was marred by a clear abuse of discretion, a sentencing decision will not be reversed on appeal. *People v. Lowery*, 642 P.2d 515 (Colo.1982). To constitute an abuse of discretion, a sentence must be manifestly arbitrary, unreasonable,

or unfair. *People v. Hughes,* 946 P.2d 509 (Colo.App.1997).

A defendant's past criminal and societal history, the risk of future criminal conduct, the gravity of the offense, the events surrounding the crime, the nature and extent of the victim's injuries, and the defendant's potential for rehabilitation are implicated in a sentencing decision. *People v. Madril,* 746 P.2d 1329 (Colo.1987). A court need not, however, explicitly refer to each of the factors it considered. *People v. Walker,* 724 P.2d 666 (Colo.1986).

In imposing defendant's sentence, the court stated that the primary considerations were (1) rehabilitation of the defendant, (2) protection of society, and (3) the factual circumstances of the case as it related to punitive sanctions. The trial court noted that the defendant had used and manipulated sexual acts for the purposes of personal gain, and that the defendant's lack of treatment posed him as a serious risk to reoffend.

The trial court further found that because this was the defendant's first felony conviction, it would not sentence him in the aggravated range, but that a sentence to the maximum of the presumptive range was warranted. Accordingly, because the sentence was based on appropriate reasons which are supported by the record, it will not be disturbed on review.

The defendant's sentence to three years of mandatory parole is vacated and the cause is remanded to the trial court for resentencing to reflect that defendant is subject to discretionary parole within, and not to exceed the balance of, his sentence to DOC incarceration as originally imposed by the trial court. The sentence is otherwise affirmed

Judge MARQUEZ and Judge VOGT concur.