The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Otto Fernando RIVERA–BOTTZECK, Defendant–Appellant.

Nos. 01CA2223, 01CA2267.

Colorado Court of Appeals, Division III.

Dec. 30, 2004.

As Modified on Denial of Rehearing March 24, 2005.

Certiorari Denied Sept. 6, 2005.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Otto Fernando Rivera–Bottzeck, appeals the trial court's order denying his motion for postconviction relief and its judgment and sentence entered upon revocation of his deferred judgment. We affirm in part, vacate in part, and remand for further proceedings.

## I. Background

Defendant was charged by indictment with two counts of securities fraud, one count of theft, and one count of theft from an at-risk adult. The case was tried to a jury, and defendant moved for judgment of acquittal on all counts. The trial court granted defendant's motion on the two theft counts, but denied the motion as to the two counts of securities fraud. The jury found defendant not guilty of one count of securities fraud and was unable to reach a verdict on the other count.

Ultimately, defendant pleaded guilty to one count of securities fraud and was granted a deferred judgment and sentence. Defendant was required to adhere to certain conditions of the deferred judgment, as well as successfully complete a four-year rehabilitation program supervised by a community corrections center.

Subsequently, a community corrections specialist, William Weikum, filed a complaint to revoke defendant's deferred judgment. Following an extended hearing, the court found that defendant had committed numerous violations of the conditions of his deferred judgment, revoked the deferred judgment, and sentenced him to eight years in the Department of Corrections.

Defendant timely filed the appeal in this case. While this appeal was pending, he moved for postconviction relief pursuant to Crim. P. 35(c). The trial court denied the motion, and defendant now appeals that denial, the revocation of his deferred judgment, and the sentence imposed upon revocation.

## II. Violation of the Conditions of Deferred Judgment

■ Defendant contends that the evidence was insufficient to support the trial court's conclusion that he violated certain conditions of his deferred judgment. We disagree.

■ Whether a defendant has violated a condition of a deferred judgment and sentence is a factual determination for the trial court. The violation must be proved by a preponderance of the evidence. Section 18–1.3–102, C.R.S.2004; *Adair v. People*, 651 P.2d 389 (Colo.1982). Once the trial court determines that a violation has occurred, it must revoke the deferred judgment. *People v. Wilder*, 687 P.2d 451 (Colo.1984).

■ If a defendant is ordered to pay restitution, evidence of the defendant's fail-

ure to do so constitutes prima facie evidence of a violation of that condition of the deferred judgment. Section 18–1.3–102(2), C.R.S. 2004. Once the prosecution presents evidence of the defendant's failure to pay, the burden shifts to the defendant to prove his or her financial inability to pay restitution. If the court is satisfied that the defendant was financially able to make restitution payments, but failed to do so, it is required to revoke the deferred judgment and enter a judgment of conviction on the guilty plea. *People v. Afentul,* 773 P.2d 1081 (Colo.1989).

Defendant was required by the conditions of his deferred judgment to pay $1,500 per month in restitution. It is undisputed that defendant was required to pay $27,000 during his first year of supervision, but that he paid only $4,206. Therefore, the burden shifted to defendant to prove his financial inability to pay.

Defendant testified that he was unable to make the restitution payments because of various other financial obligations. However, Weikum testified that on numerous occasions he requested defendant to "bring in all financial records indicating what his expenses were and what his income was, and that [they] would work with him to ... set up an established budget ... so he would be able to make payments on restitution." Weikum further testified that defendant failed to bring in any receipts for grocery expenses, utilities, or automobile insurance. He testified that defendant did not produce certain documents, such as tax papers.

The trial court concluded that Weikum's testimony was more credible then the testimony of defendant. After considering defendant's salary and history of restitution payments, the court concluded that defendant had the financial ability to pay substantially more than he had paid. Specifically, the court noted that defendant testified that for four months his employer had withheld $600 per month from his paychecks for the purpose of paying restitution. The court concluded that although defendant had this $2,400 available to pay his restitution, he failed to do so. The court also noted that defendant failed to pay any restitution in

November 2000, and paid only $130 restitution in December 2000.

We conclude there is sufficient evidence in the record to support the trial court's factual finding that defendant had the financial ability to pay restitution. Therefore, the trial court was required to revoke defendant's deferred judgment.

The trial court concluded that defendant violated several other conditions of his deferred judgment. However, because we agree with the trial court's conclusion that defendant failed to pay restitution as required, we need not address the remaining violations. *See Wilder, supra.*

### III. Motion to Continue

■ Defendant contends the trial court erred in denying his motion to continue the sentencing hearing so that he could be sentenced by the judge who presided over the trial and over the hearing at which he entered his guilty plea. We disagree.

A defendant has no constitutional right to be sentenced by the same judge who accepted the defendant's guilty plea. The sentence imposed by a judge with concurrent jurisdiction who did not accept the guilty plea is not void. *People v. Koehler,* 30 P.3d 694 (Colo. App.2000).

■ A deferred judgment is akin to a sentence of probation, and proceedings to revoke a deferred judgment are conducted according to procedures used to revoke probation. *People v. Manzanares,* 85 P.3d 604 (Colo.App.2003). A defendant is not afforded the same protection in a revocation hearing on a deferred judgment as in a criminal trial. *See Byrd v. People,* 58 P.3d 50, 57 (Colo.2002) ("a probation revocation hearing is held for different purposes, is governed by different procedures, and does not protect the defendant's rights as required by the Federal and Colorado Constitutions for a criminal trial").

Defendant contends that Crim. P. 25 requires his sentence to be imposed by the judge who presided over his trial and accepted his guilty plea unless there is a compelling reason for the judge's absence. We disagree.

Crim. P. 25 provides that any judge regularly sitting in or assigned to the court may perform postverdict duties if the judge before whom the defendant was tried is unable to perform those duties because of absence from the district, death, sickness, or other disability. *People v. Banuelos–Landa,* 109 P.3d 1039, 2004 WL 2744583 (Colo.App. No. 03CA0619, Dec. 2, 2004); *People v. Little,* 813 P.2d 816 (Colo.App.1991).

A division of this court considered the application of Crim. P. 25 under similar circumstances in *People v. Koehler, supra.* There, the defendant pleaded guilty, but before his plea was entered, the court held extensive evidentiary hearings to determine the admissibility of certain statements. After the defendant entered his guilty plea, his case was reassigned to a different judge for sentencing. The defendant requested a continuance, contending that he should be sentenced by the judge who presided over the evidentiary hearings because that judge was more familiar with his case.

The division concluded that Crim. P. 25 did not apply because the hearings were not as broad in scope as a trial. *Koehler, supra.* We agree with the division's analysis in *Koehler* and find it applicable in this case.

For two reasons, the limitations on substitution of a judge contained in Crim. P. 25 do not apply: (1) the conviction in this case was the result of a guilty plea, not a trial; and (2) a revocation hearing on a deferred judgment is not a trial.

Here, Judge Villano presided over defendant's trial, which did not result in a conviction. He later accepted defendant's guilty plea and granted defendant a deferred judgment and sentence. Judge Tidball presided over the revocation hearings and sentenced defendant.

As in *Koehler,* defendant was not required to be sentenced by the judge who accepted his guilty plea. Although there was a trial here, it did not result in a guilty verdict; thus, the limitations of Crim. P. 25 do not apply.

Further, as noted above, a revocation hearing is more circumscribed than a trial on the merits of the underlying charge supporting a defendant's conviction. *See People v. Adair,* 44 Colo.App. 423, 620 P.2d 46 (1980), *rev'd on other grounds,* 651 P.2d 389 (Colo.1982). Thus, the limitations of Crim. P. 25 do not apply for that reason as well. *Cf. People v. Banuelos–Landa, supra* (Crim. P. 25 does not apply to motions to reconsider sentence under Crim. P. 35(b)).

Therefore, Judge Tidball did not err in imposing defendant's sentence in this case.

## IV. Sentence

■ Defendant next contends that the trial court abused its discretion by imposing an eight-year sentence. We disagree.

■ Sentencing is a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. Thus, the trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo. 1984). In exercising this discretion, the trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. *People v. Eurioste,* 12 P.3d 847 (Colo.App. 2000).

Defendant pleaded guilty to fraud and other prohibited conduct in violation of §§ 11–51–501(1)(b) and 11–51–603(1), C.R.S.2004, a class three felony. The presumptive range for a class three felony is four to twelve years. Section 18–1.3–401(1)(a)(V)(A), C.R.S. 2004.

The trial court explained at defendant's sentencing that it considered "the statements of counsel, the statements of defendant, the information in the presentence report . . . the seriousness of the offense . . . the importance of treating like defendants in like ways . . . the importance of deterrence . . . the issues of rehabilitation, and the safety of the community." The trial court sentenced defendant to eight years, which is in the middle of the presumptive range for defendant's offense. We conclude that the trial court considered the appropriate factors and did not

abuse its discretion in imposing defendant's sentence.

## V. Postconviction Relief Motion

 Defendant contends that the trial court lacked jurisdiction to rule on his motion for postconviction relief, and therefore, its order is void. We agree.

 Unless specifically authorized by statute or rule, a trial court lacks jurisdiction to issue further orders in a case where an appeal has been perfected. *People v. Dillon,* 655 P.2d 841 (Colo.1982); *see also Anstine v. Churchman,* 74 P.3d 451, 452 (Colo.App.2003) ("[g]enerally, once an appeal is taken, a trial court is divested of jurisdiction to determine substantive matters that directly affect the judgment being appealed unless the appellate court has issued a remand order"). *But cf. Woznicki v. Musick,* 94 P.3d 1243 (Colo. App.2004) (a premature notice of appeal does not divest the trial court of jurisdiction). Any action taken by a court which lacks jurisdiction is a nullity. *Dillon, supra.*

Defendant filed his notice of appeal in November 2001. In February 2003, while this appeal was pending, defendant filed a motion for postconviction relief pursuant to Crim. P. 35(c). Therefore, defendant's appeal had been perfected, and the trial court's order denying defendant's motion for postconviction relief is void. Accordingly, we vacate the order. On remand, the trial court may, in its discretion, rule on defendant's original motion, allow supplementation of the motion in light of defendant expressly reserving "the right to supplement this motion," or appoint counsel to assist defendant in preparing a supplemental motion.

## VI. Due Process and Right to Appeal

 Defendant contends that the denial of his motion to file an oversize brief violated his right to due process and his right to appeal. We disagree.

 There is no constitutional right to appeal a criminal conviction. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). However, any person convicted of a crime in Colorado is entitled by statute to an appeal as a matter of right.

Section 16–12–101, C.R.S.2004. Although the right to appeal is not constitutionally required, once the state affords an individual this right, the procedures afforded by the state must comport with due process. *See People v. Edwards,* 971 P.2d 1080 (Colo.App. 1998) (if there is a statutory right to a jury determination of habitual criminality, that determination should be made in accordance with traditional constitutional principles); *see also Dep't of Health v. Donahue,* 690 P.2d 243 (Colo.1984) (where state promulgates more stringent standards than would be constitutionally required, deprivation of those standards violates due process).

C.A.R. 28(g) limits principal briefs to thirty pages unless permission to extend this limit is granted by the court.

 In its discretion, a court may grant permission to file an oversize brief. *See People v. Rodriguez,* 914 P.2d 230, 302–03 (Colo.1996). However, such a request must be justified by the circumstances of the case. *See People v. Galimanis,* 728 P.2d 761 (Colo. App.1986) (noting the importance of stating only facts relevant to the issues raised on appeal and that effective appellate advocacy encourages presentation of the strongest arguments and elimination of those with less merit).

In this case, defendant moved to file an oversize brief, and a motions division of this court denied the motion. Defendant then filed a brief that complied with the limit, but attached eighteen pages of appendixes which included facts and legal arguments almost identical to those defendant had eliminated from the first brief. The People filed a motion to strike defendant's second brief. A motions division of this court partially granted the motion by striking the appendixes of defendant's second brief. In its order, the division stated that the "appendixes attached are purely additional legal argument and violate the spirit of the court's prior order."

We conclude that in this case, limiting defendant's brief to thirty pages does not violate his right to appeal or his right to due process. Although, as noted, effective advocacy may require limiting the number of arguments raised on appeal, defendant here

has not been forced to abandon any of his arguments on appeal. In fact, he has added the argument we are currently addressing. Moreover, defendant has failed to provide justification for his request. *See Rodriguez, supra.* Accordingly, we conclude that defendant's right to due process and right to appeal have not been violated.

Defendant has requested this court to preserve his first two opening briefs, both of which were stricken from the record. We note that it is standard procedure for the court to retain copies of all briefs filed, and therefore, both briefs will be available for subsequent review.

The judgment and sentence are affirmed. The order denying postconviction relief is vacated, and the case is remanded to consider defendant's motion for postconviction relief.

Judge VOGT and Justice KIRSHBAUM* concur.