23CA1054 Peo v Boldt 11-07-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1054
Garfield County District Court No. 18CR83
Honorable James B. Boyd, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Gunther Boldt, Jr.

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 7, 2024

---

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Defiance Law Firm, Peter A Rachestky, Laura L Horst, Glenwood Springs, Colorado, for Defendant-Appellant

¶ 1     Defendant, Gunther Boldt, Jr., appeals the district court's order revoking his deferred judgment and sentence.  We affirm.

## I.     Background

¶ 2     As part of a plea agreement, Boldt pleaded guilty to felony theft between $5,000 and $20,000 and misdemeanor unemployment (false statement).  The court granted him a three-year deferred judgment and sentence on the felony theft charge, which required that he adhere to certain conditions, and sentenced him to probation for two years on the misdemeanor charge.

¶ 3     As part of the deferred judgment and sentence, Boldt was required to, among other things, complete (1) a mental health evaluation and any recommended treatment; (2) a drug and alcohol evaluation and any recommended treatment; and (3) forty-eight hours of community service within the first two years of the deferred judgment and sentence.  He was also required to pay restitution totaling $35,162.47.

¶ 4     Just before the three-year deferred judgment period expired, Boldt's probation officer filed a complaint alleging that Boldt had violated certain conditions of his deferred judgment and sentence.  The complaint alleged that Boldt failed to (1) provide proof of

completion of substance use or mental health treatment; (2) complete community service; and (3) pay restitution.

¶ 5     At the revocation hearing, the district court heard testimony from the probation officer's supervisor and Boldt. When it appeared to defense counsel that the probation supervisor was testifying to certain contents of the probation file that hadn't been disclosed, defense counsel objected on foundation and due process grounds. Defense counsel explained that she had requested the probation file before the hearing but had only received eight pages of narrative from Boldt's probation officer. The prosecutor responded that the probation supervisor's testimony was limited to the narratives defense counsel had received, the complaint, and the sentencing order (which the court had taken judicial notice of at the beginning of the hearing), and said those were the only documents the prosecutor had as well. The court overruled the foundation objection and indicated that if there were disclosure issues, it would address them after the testimony concluded.

¶ 6     After the hearing, the district court revoked Boldt's deferred judgment and sentence in a written order, finding that he violated "his obligation to obtain a mental health assessment" and "the

2

requirement to make payments towards restitution." However, the court found that the People had "not shown by a preponderance of the evidence that [Boldt] willfully and unreasonably failed to complete his useful public service."

¶ 7    The district court disagreed with Boldt's assertion that his due process rights had been violated when the prosecution failed to disclose the full probation file, explaining that "[it] might have been a basis for a continuance had one been requested. It was not a due process violation." The court further found that the only evidence on which the prosecution relied at the hearing, but had not disclosed, was the signed sentencing order listing the probation conditions. The court noted that, "[i]f there was a due process violation, it would be limited to the use in evidence of that signed order." Therefore, the court did not consider this evidence when it found that Boldt had violated the terms of his deferred judgment and sentence.

## II.    Discussion

¶ 8    Boldt contends that the revocation proceeding violated his constitutional right to due process because (1) the probation file and the signed order containing the conditions of probation weren't

3

disclosed to him before the revocation hearing and (2) the probation supervisor, rather than the probation officer, testified at the hearing. He also contends that the court erred by finding a violation and revoking his deferred judgment and sentence. We disagree with all three contentions and therefore affirm the court's order revoking Boldt's deferred judgment and sentence.

### A. Applicable Law and Standard of Review

¶ 9 The prosecution bears the burden of proving a violation of a deferred judgment and sentence by a preponderance of the evidence. *See* § 18-1.3-102(2), C.R.S. 2024. "Whether a defendant has violated a condition of a deferred judgment and sentence is a factual determination for the trial court." *People v. Rivera-Bottzeck*, 119 P.3d 546, 548 (Colo. App. 2004). If the court finds a violation, it must revoke the deferred judgment, enter the conviction, and sentence the defendant. *People v. Wilder*, 687 P.2d 451, 453 (Colo. 1984); *Rivera-Bottzeck*, 119 P.3d at 548.

¶ 10 We will affirm the court's finding of a violation if it is supported by sufficient evidence in the record, reviewing its factual findings for clear error. *See Rivera-Bottzeck*, 119 P.3d at 549; *Adair v. People*, 651 P.2d 389, 391 (Colo. 1982); *see also People v. Nelson*,

2014 COA 165, ¶ 17 (we review a district court's factual findings for clear error).

¶ 11    Whether a defendant was denied due process is a question of law we review de novo. *People v. Calderon*, 2014 COA 144, ¶ 23. If the claim was preserved by objection, we apply a constitutional harmless error standard in determining whether reversal is required. *Hagos v. People*, 2012 CO 63, ¶ 11.

## B.    Analysis

¶ 12    A defendant facing revocation of a deferred judgment and sentence isn't entitled to the full range of constitutional guarantees afforded to defendants in criminal prosecutions. *People v. Allen*, 973 P.2d 620, 622 (Colo. 1999). Rather, the defendant is entitled only to the following process:

> (1) written notice of the alleged violations; (2) disclosure of the evidence against the probationer; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; and (5) a written or oral statement on the record by the fact finder as to the evidence relied on and the reasons for revocation.

*Finney v. People*, 2014 CO 38, ¶ 28.

¶ 13    Boldt argues that his due process rights were violated because the probation department failed to disclose the probation file and the sentencing order signed by Boldt with attached conditions of his deferred judgment and sentence before the revocation hearing.  But the record shows that the only evidence presented at the hearing was derived from the eight pages of narratives from Boldt's probation officer (which Boldt received before the hearing), Boldt's own testimony, and the signed sentencing order and attached conditions (which the court expressly refused to consider).  Because the probation file wasn't admitted as evidence at the hearing and the court didn't rely on the signed sentencing order with the attached conditions in revoking Boldt's deferred judgment and sentence, Boldt's due process rights weren't violated.

¶ 14    To the extent Boldt asserts a due process violation based on the prosecution's failure to disclose a separate document containing the terms and conditions of his deferred judgment and sentence, we can find no violation because Boldt himself testified that he was aware of those terms and conditions.

¶ 15    Finally, to the extent Boldt asserts that he was deprived of the right to effective assistance of counsel by these alleged

nondisclosures, we won't consider this claim. *See People v. Huggins*, 2019 COA 116, ¶ 17 ("When a defendant does not raise an issue in a postconviction motion or during the hearing on that motion, and the postconviction court therefore does not have an opportunity to rule on the issue, as a general rule, the issue is not properly preserved for appeal and we will not consider it.").

¶ 16 Boldt next contends that his due process rights were violated because the probation supervisor, rather than the probation officer who directly supervised Boldt, testified at the hearing. To begin, we note that the parties dispute whether Boldt preserved this constitutional claim. But we don't need to resolve the dispute because we conclude that the district court didn't err.

¶ 17 At a revocation hearing, hearsay evidence is admissible to prove the violation if "minimum due process requirements are met." *People v. Loveall*, 231 P.3d 408, 414-15 (Colo. 2010). Under this standard, the defendant must be "accorded a fair opportunity to rebut hearsay evidence." § 16-11-206(3), C.R.S. 2024. When, as in this case, a revocation is based on a violation other than an alleged crime, a defendant has a fair opportunity to rebut the evidence, and thus his due process rights are satisfied, if (1) the testifying witness

is subject to cross-examination about the proffered hearsay and (2) the defendant is given an opportunity to present witnesses and testify on his own behalf. *Loveall*, 231 P.3d at 415. But due process isn't satisfied if "the defendant is given little or no opportunity to test the accuracy of the hearsay evidence or the credibility of the declarants." *Id.*

¶ 18 We disagree with Boldt that his due process rights were violated. The district court afforded Boldt a "fair opportunity to rebut hearsay evidence." § 16-11-206(3). His counsel had an opportunity to — and did — thoroughly cross-examine the probation supervisor. Boldt agreed to testify when called by the prosecution. *See Byrd v. People*, 58 P.3d 50, 56-57 (Colo. 2002) (If called by the prosecution as a witness, "[t]he Fifth Amendment permits a probationer to decline to answer specific questions at the revocation hearing, but this refusal to answer may be used against her to revoke probation."). And his counsel could have called witnesses on Boldt's behalf, although counsel did not do so. Given the process afforded to Boldt, we conclude that the court didn't err by relying on the probation supervisor's testimony to find that Boldt violated his deferred judgment and sentence. *See People v. Turley,*

109 P.3d 1025, 1026 (Colo. 2004) (the defendant had a fair opportunity to rebut hearsay evidence by cross-examining a probation officer who didn't have personal knowledge of the alleged violations).

¶ 19    But even if the court erred by relying on the probation supervisor's testimony — and assuming the claim was preserved and therefore reviewable under a constitutional harmless error standard — we conclude that any error was harmless beyond a reasonable doubt. Boldt himself testified that he was aware of the requirements that he complete a mental health evaluation and pay restitution. He admitted that he completed the evaluation after the period of his deferred judgment and sentence had ended. And while he testified that he had financial difficulties in paying the full amount of restitution by the conclusion of his deferred judgment and sentence, which the court credited, the court found, and the record supports, that he could have made some amount of a monthly payment on a payment plan toward restitution but didn't. *See Williams v. People*, 2019 CO 101, ¶ 17 ("[W]hen a defendant introduces some evidence of her inability to pay restitution, a district court must make the ability-to-pay findings under section

18-1.3-702(3)(c)[, C.R.S. 2024,] before revoking a deferred judgment for failure to pay.")  Thus, this independent evidence established, by a preponderance of the evidence, that Boldt had failed to timely complete a mental health evaluation and pay restitution as required.  *See People v. Howell*, 64 P.3d 894, 897 (Colo. App. 2002) (assuming, without deciding, that the court's admission of evidence violated the defendant's due process right, reversal wasn't required when other evidence established the probation violation).

¶ 20     Finally, having concluded that Boldt's own testimony established that he violated two conditions of his deferred judgment and sentence, we necessarily reject his claim that the evidence was insufficient to support the court's revocation.  *See Wilder*, 687 P.2d at 453 (concluding the trial court erred by not revoking the deferred judgment when the court found that the "defendant voluntarily admitted violating four conditions of the deferred judgment").

### III.   Disposition

¶ 21     The order is affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.